Wm. H. Haight v. Justus Schuck, et al.

## WM. H. HAIGHT V. JUSTUS SCHUCK, ET AL.

1. PLEADINGS—AMENDMENT—PRACTICE. A plaintiff who obtains leave to amend his petition must file his amendment within the time prescribed, or not at all, unless further leave be given. Notice of the filing of such amendment, or amended petition, must be given to the defendant, unless such notice is waived.

2. ——— Notice—Default. The code gives the defendant ten days from the filing of an amended petition to answer the same; §§ 144, 145, Comp. L. 1862, p. 146; §§ 136, 137, Gen. St. 1868, p. 654; but unless notice of filing the amended petition is given to, or waived by the defendant, there is no default on his part on a failure to answer.

3. ——— Doubtful record—no error presumed. A reviewing court is not required to pass upon matters alleged as error in the proceedings of an inferior court, unless the real facts relative thereto are made to appear in some reasonably certain way in the record. A mere inference that such matters occurred is not sufficient.

4. DEFAULT—SETTING ASIDE—Discretion of the Court. Granting or refusing a motion to set aside a default, and giving leave to answer, is a matter resting to a great extent in the sound discretion of the court; and where there is no showing made in excuse of the default, and no merits are shown, no error or abuse of discretion will be presumed.

5. PERSONAL JUDGMENT, in Mechanics' Lien cases. In a suit brought under the provisions of the mechanics' lien law, (h. 137 Comp Laws 1862, a personal judgment may be rendered against the defendant debtor, even though the plaintiff in such suit may have failed to establish his lien.

### Error from Leavenworth District Court.

JUSTUS and WILLIAM SCHUCK sued James Ryburn and William H. Haight, alleging an indebtedness from the defendants to them in the sum of $495.75, for work as carpenters, performed on and before the 27th of October, 1867, upon three buildings, the property of said Ryburn and Haight, situated on part of lot 16, in block 25, Clark & Rees' addition to Leavenworth. The petition further alleged that on the 9th of November, 1867, they filed a statement of their account, etc., to create a mechanics' lien upon the property described in their petition. Other parties were joined as defendants, by reason of some alleged interest in said property. Judgment against Ry-

*burn* and *Haight*, for $495.75, with interest, and a foreclosure of their mechanics' lien was asked; also, that the respective liens of the other defendants be ascertained and determined, and that the property be sold, etc.    The petition was filed April 29, 1868.    Summons was issued and served on some of the defendants, but not on *Haight*. On the 25th of May, and before any of the defendants had answered, the following order was made:

" On this day come the plaintiffs, by Green and Foster their attorneys, and on their application leave is given by the court to amend their petition, and make new parties defendant herein in ten days from the date hereof.   And it is further ordered that the time for the defendants to answer said amended petition be fixed at twenty days after the filing of the same."

No amended petition was · filed.    Defendants claim that the plaintiffs' attorneys made one *Van Leslie* a party defendant by *interlining the petition*, without obtaining leave of court, or without refiling their petition.    An *alias* summons was served on *Haight* June 1st, requiring him to answer by the 22d of June.    All the defendants answered except *Ryburn* and *Haight*, the principal debtors.    They filed no answer to the original petition, nor to the petition as interlined.    When the case came on for trial, the plaintiffs moved that a default be entered against *Ryburn* and *Haight*, which motion was granted, over the objections of *Haight*.    At Haight's instance a jury was empanneled to try certain questions of fact. The plaintiff then offered evidence, and Haight objected to the admission of any testimony under plaintiffs' petition; but the court allowed the evidence, and Haight excepted.    On the further hearing, Haight moved to strike ·plaintiffs' petition from the files, alleging that he had just discovered that the name of a new party de-

fendant had been interlined without permission of the court, and without refiling the same, and that plaintiffs had not notified said defendant of the alteration. The court refused the motion ; and thereupon Haight presented his answer, and asked leave to file the same, which the court refused. The answer was not verified, and Haight offered no proof to excuse his laches. The jury found a special verdict upon questions submitted to them ; and upon such verdict the court found as conclusions of law :

"1st. That plaintiffs had no mechanic's lien, as set up in their petition.

"2d. That the plaintiffs are entitled to a personal judgment against said Ryburn and Haight on the default against them."

And the court gave judgment against the said defendants for the sum of $575.75, and dismissed plaintiffs' petition as to the other defendants. A motion for a new trial being overruled, *Haight* brings the case to this court for review.

*F. P. Fitzwilliam*, for plaintiff in error :

1. The petition should have been struck from the files of the court. Plaintiffs' attorneys, having interlined it without permission of the court, and not having refiled it, or notified defendants of such change, the court should have struck the petition from the files. The court will not allow its records to be tampered with or mutilated ; and on such fact coming to the knowledge of the court, the lightest punishment it would inflict would be to strike the pleading so altered from the files, at the cost of the party making it. 10 Ohio St., 621 ; 1 Wend., 73.

2. Entering the default was error. The plaintiffs sought to foreclose a mechanic's lien under the Lien Act

of 1862, and there is no statutory authority for entering a default in such proceeding. " The court shall require issues of law or fact to be formed." " And issues may be tried separately, and such trial shall be upon such issues as are prepared;" §§ 16, 23, ch. 137, Comp. L. 1862.

The petition does not state facts sufficient to constitute a cause of action upon which to foreclose a mechanic's lien. The court so found, but first allowed a default to be entered against Ryburn and Haight, then dismissed the petition except so far as to allow a recovery upon the *quantum meruit*, after the jury returned the special verdict. If the default was properly granted, then it went to the extent of allowing a lien, and could not be afterwards divided so as to allow a personal judgment only. *Zane v. Zane*, 5 Kas., 134.

The proceeding under the mechanic's lien act is a proceeding *in rem*, not *in personam*. 3 E. D. Smith, 721 ; 3 Scam., 201 ; Houck on Liens, 66.

Where proceedings are taken to obtain a foreclosure of mortgage or other incumbrance, or decree in chancery to sell real property, the judgment is only against the property, and no personal judgment follows unless authorized by special statute or rule of court. Proceedings under the lien act must be according to chancery practice. Section 25, Comp. L. 1862, p. 686; 3 Gill., 511; 45 Illinois, 379.

3. The court had no jurisdiction to enter a judgment *in personam*. " The appearance of defendant in proceedings instituted to foreclose the lien, does not waive any defect in the previous steps taken to create the lien ; nor can the court in these proceedings disregard or amend any defect in the previous notice which is by the statute made matter of substance." 1 E. D. Smith, 655.

*Green & Foster*, for defendants in error. [No brief on file.]

The opinion of the court was delivered by

SAFFORD, J.: This was an action brought by Justus Schuck, and others, against Wm. H. Haight and James Ryburn, to recover the sum of $495.75 for work and labor done and performed by the said plaintiffs for and on account of the said Haight and Ryburn. The work was alleged to have been done upon three buildings, belonging to said parties last named; and the plaintiffs sought to enforce and foreclose an alleged mechanics' lien for the abovenamed sum, which they claimed to exist in their favor against said buildings and the lot on which they were erected.

No answer was filed by Haight or Ryburn, and a default was entered as to them. After a finding of the facts of the case, or such portion of them as was covered by special interrogatories submitted to a jury duly empanneled therein for their decision, the court proceeded to find, and thereupon stated, the conclusions of law as follows:

" 1. That the plaintiffs had no mechanic's lien, as set up in their said petition."

" 2. That the plaintiffs are entitled to a personal judgment against said Ryburn and Haight on the default against them."

Judgment was accordingly rendered against the said Ryburn and Haight, for the sum found to be due to the said plaintiffs by the jury, as by their said petition alleged. To all of these proceedings exceptions were duly taken; and as to Haight the case is brought here for review.

By virtue of a summons which was issued in said ac-

tion and served on the said William H. Haight, June 1st, 1868, he was required to answer the petition of the plaintiffs on the 22d of June, 1868. This he failed to do; nor did he file such answer at any other time, or apply or make any attempt to do so, until during the progress of the case, to-wit, on the 23d of February, 1869. He was therefore in default after the said 22d of June, unless by reason of some order of the court, or by reason of some action on the part of the plaintiff, he was relieved from such default.

The record and bill of exceptions show that on the 25th of May, 1868, and before any summons had been served on Haight, and before he had made any appearance to the action, an order was made by the court, and entered on the journal, granting leave to the plaintiffs " to amend their petition and make new parties defendant therein, in ten days from the date" thereof; and " that the time for the defendants to answer said amended petition be fixed at twenty days after the filing of the same."

1. PLEADINGS—amendments; practice; notice of filing.

At the most, under this order, the plaintiffs would have had only until June 4th, 1868, to file such amended petition. But being so filed, that is, within the time fixed, and notice thereof having been given to the defendants, as required by section 144 of the civil code, Comp. Laws 1862, such defendants would have had only until the 24th of June, 1868, to file their answer. If however, no notice were given to the defendants of such filing of an amended petition, and such notice was not in some manner waived, or the want thereof supplied, there would be no default on the part of such defendants on a failure to answer. But if the plaintiffs failed to file such amended petition within the

2. ——Time to answer amended petition; but if there is no notice, there is no default.

time fixed by the court, they would then have had no right and should not have been allowed to file it at all, unless by the further order of the court. And in case of such failure, and no further order being obtained, they would have been referred to, and must have relied upon their original petition. To the latter the defendants would have been required to answer within the time they would have had to answer an amended petition, unless the court should by order extend such time.

It is claimed on behalf of the plaintiff here, that the plaintiffs below did not amend their petition by the interlineation of the name or names of certain party or parties defendant; that no such amended petition was filed, nor was the original petition so interlined, refiled; that no notice of the amendment by interlineation was given to Haight, and that as a consequence he was not rightfully in default, as he was adjudged to be by the court. As to the fact that no amended petition was filed, there is no doubt; nor is it shown that notice of an amendment otherwise made, was ever given. Then, as to the other points, the record must be examined.

When liberally construed, the record affords strong inference that the amendment *by interlineation*, which is complained of, was in fact made. Such inference is to be drawn from the fact of leave to amend being asked by the plaintiffs, and also from the fact that the defendant Haight, by his counsel, appeared and moved the court to strike the plaintiffs' petition from the files, " because of amendments being made to said petition without authority of court, and because no amended petition had been filed." It is also suggested from the fact that the copy of the petition as shown in the record, when taken in connection with the certificate of the clerk, shows

3. —— Error must be affirmatively shown:

that an interlineation was made, and also from the further
fact that the interlined name in the record of such peti-
tion does not appear in either of the first two summonses
which were issued in the case. But from the sources named,
and they include all that materially bear upon the point
in question, as disclosed by the record, nothing conclusive
is to be derived. It frequently happens in practice that
leave to amend is taken by a party, of which such party
never avails himself. Attorneys also, and in good faith,
often apply to the courts for orders, to which they are
not entitled, and which it would be error to grant. The
interlineation in the record of the petition, even, when
considered in connection with the certificate of the clerk,
is only suggestive, and really proves nothing. It is not
shown when such interlineation in the original petition
was made; and for all that affirmatively appears, it might
have been so made before or upon the filing of such
petition in the clerk's office, and thus, before any sum-
mons was issued thereon. Then as to the point in regard
to the summons itself. That also is merely suggestive,
and easily explained away. It is of very common occur-
rence that when there are several parties defendant to a
suit, several writs of summons are issued, and no two
contain the names of all, or of the same parties to be
served. It is to be seen, in view of the foregoing con-
siderations, that it is only by *inference* that we are able
to find from the records that the acts com-
plained of, as to the amending of the petition,
assuming that they were erroneous, were in fact allowed
or done, as alleged by the plaintiff in error. This is not
sufficient; and we do not think ourselves authorized to
pass upon matters alleged as error in the proceedings of
the court below, when the real facts relative thereto are

left so much in doubt. We cannot therefore say that the entering this default against the plaintiff in error was erroneous.

II. As to the application to set aside the default and allow the plaintiff in error to file his answer which is set out *4. Default—Setting aside; discretion of court.* in the record, that was a matter resting to a very great extent in the sound discretion of the court below; and more especially ought we to regard it as beyond our province to inquire into, inasmuch as there was no showing upon the merits, except as appeared in the answer; nor was there anything offered tending to excuse the default. It is therefore impossible to know the precise grounds upon which the court based the refusal complained of.

III. But it is contended upon other grounds, that the court erred in rendering judgment against the plaintiff *5. Personal judgment may be rendered in actions to foreclose mechanic's liens.* in error. It is claimed that the action having been brought to foreclose an alleged mechanic's lien under the provisions of chap. 137, Comp. Laws, 1862, and the court having found "that the plaintiffs had no mechanic's lien as set up in their petition," the whole case thereby failed, and that no personal judgment could follow such finding. We think we can appreciate the industry and tact of the plaintiff in error, as indicated by his argument upon this part of the case. Such argument, and the authorities relied on to support it, are perhaps quite conclusive as to a similar case arising under the laws and practice of the States in which the decisions were made. But the same result does not follow when the question is considered in the light of the provisions of our mechanics' lien law. The principal part of the decisions quoted from and referred to in the counsel's brief, were made by the New York

courts; and to these we have given especial attention. It is probable that they are in accordance with the law of that State. But in comparing the New York statute with that of our own State upon the subject of mechanics' liens, we find that there is but little in common between the two. It will not be important however to point out or dwell upon the differences which we discover, but it will better serve our purpose in this case to call attention to some of the provisions of our lien law as seem to show that the framers thereof intended that in cases of this kind a different rule should prevail here from that which has obtained in New York, as respects the recovery of judgment. Section 29 contains a provision to the effect, that in case the proceeds of the sale shall not be sufficient to pay the claims adjudged against the defendant in a suit brought to enforce such lien, an execution may issue in favor of any creditor whose claim is not satisfied, for the balance due *as upon a judgment in actions of debt.* This provision very clearly shows that this proceeding is not under our law intended to be "a proceeding *in rem,*" merely, as it has been held to be under the New York law; but that it goes against the debtor as well. How else could an execution be authorized to go against any other property of the debtor than the specific property against which the lien exists, and is sought to be enforced? And yet under the terms of this provision, such execution would lie against any and all property of the debtor not exempt by law, and until it was fully satisfied. And it makes no difference how small a portion of the creditor's claims may have been satisfied out of the lien property, or how large the "balance due" may be, the debtor's other property must be held for its payment. It seems to us that the principle

here recognized would authorize a personal judgment against the defendant debtor, and hold his unexempted property subject to its satisfaction, even if the lien should wholly fail. Section 27, also, fully recognizes the right of a plaintiff in this proceeding to recover a personal judgment against the defendant debtor, and it provides that the judgment so rendered shall be a lien against the property of the owner, that is, the owner of the property subject to the lien; or in other words, the debtor, *as judgments in actions of debt,* and that executions may issue thereon in the same manner as upon such other judgments.* Other considerations might be advanced as bearing upon the point under examination, but it seems unnecessary to do so. The provisions already referred to make it sufficiently certain that the legislature in passing the mechanics' lien law, intended to provide that a personal judgment against the debtor and owner of the property, subject to the lien, might be rendered.

Several other points are made by the counsel for plaintiff in error, but they do not seem to be important as furnishing any sufficient reason why the judgment below should not stand, or otherwise.

The judgment must be affirmed.

All the justices concurring.

[* SINCE this case was tried in the court below, the question of entering a "personal judgment" in actions to foreclose mechanics' liens, mortgages, etc., has been settled by positive law. Section 399 of civil code, Gen. Stat. 1868, p. 705, (amended by § 13, ch. 87, laws of 1870, p. 175,) provides that, "in actions to enforce a mortgage, deed of trust, or *other lien or charge,* a personal judgment or judgments shall be rendered," etc. Of course, such judgment can only be given against the defendant or defendants who would be *personally liable* for the debt or claim, if there were no lien, mortgage, or other security therefor.—REPORTER.]