DANIEL H. BANE v. GEORGE H. COX *et al.*

No. 14,870 (88 Pac. 1083.)

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*Continuance—Dismissal for Want of Prosecution.* Whether it is an abuse of discretion for a trial court to refuse to postpone the trial of an action, and to dismiss the case for want of prosecution and refuse to reinstate it on motion of the plaintiff, depends upon the particular facts of each case, and no general rule can be laid down. In the case at bar it is held that the judicial discretion of the court was abused.

Error from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed February 9, 1907. Reversed.

*Torrance & Bloss,* for plaintiff in error.

*Hackney & Lafferty,* and *G. H. Buckman,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: This suit was commenced in the district court of Cowley county to compel the specific performance, by four of the defendants, of a written contract to convey certain lands to the plaintiff, and to bar four other defendants from any interest therein, and to quiet the title to the land.

The plaintiff was guilty of laches in preparing for trial prior to the time the suit was set for hearing, in March, 1905, but this seems in some measure to have been excused, though probably not wholly justified, by the fact that the suit was commenced in August, 1903, by Mr. Dana, as the principal attorney for the plaintiff, and who had charge of the case until he assumed the office of district judge, in January, 1905, and it was expected the case would be heard at the December, 1904, term of the court. The plaintiff and at least some of his witnesses resided in Chicago, Ill., and Mr. Tor-

Bane v. Cox.

rance, who had charge of the case in March, 1905, had had practically no opportunity to consult with his client, did not know the names of his witnesses, and could not detail in his affidavit for a continuance the evidence they were expected to give. An ineffectual attempt, in good faith, as it appears, was made to procure the depositions of the absent witnesses. When this failed the plaintiff started with his witnesses and had reached Kansas City, and had telegraphed his attorney accordingly, before the case was called for hearing, sometime in the afternoon of March 23, 1905.

Upon the calling of the case plaintiff's attorney presented his affidavit setting forth the facts and asked a continuance for the term or a postponement until the next morning. The court denied both requests and dismissed the case for want of prosecution. The next morning, all parties, and so far as any intimation from the record appears all the witnesses, being present, the plaintiff appeared at the opening of court and filed his affidavit denying certain unsworn statements said to have been made in his absence which tended to impeach his good faith, and stating facts which in a measure should excuse, if not justify, his apparent want of diligence in prosecuting the suit. Thereupon he filed his motion asking that the case be reinstated, which motion was also denied by the court.

It is the duty of litigants to exercise great diligence both in prosecuting and in defending actions in court, and, as there are usually many cases set for hearing at each term of the district courts, the orderly dispatch of the business and the protection of other litigants from expensive delays and accumulating costs make it the duty of the court strictly to require the parties to every action to be ready for trial promptly at the time the case is set for hearing or to prove that in the exercise of due diligence they have been unable to do so. So great is the necessity for the prompt dispatch of court business that the statute authorizes courts to

and they generally do impose upon the unfortunate litigant who, even through no fault of his own, is unprepared to proceed at the time set all the costs of the necessary delay.   This is usually sufficient to insure the making of every reasonable effort to be ready at the time appointed, unless vexation and delay be the real object of the litigation or unless some real or fancied advantage may accrue to one party by a course of procrastination.   In such cases of designed obstruction or in case of gross or reckless inaction, if the fault be on the part of the plaintiff, it may become the duty of the court to dismiss his action; if the defendant be at fault he may be penalized by proceeding with the trial notwithstanding his unreadiness.

The incidents of life, however, refuse to conform themselves to the plans of any man or to march in regular procession on the order of any court or earthly power.   Even death steps in at the most unanticipated times to stay proceedings.   It should be borne in mind that mere order and regularity of proceeding are not the purpose for which courts exist and are held, but are only aids to the grand purpose of dispensing justice, and should not be carried to the extreme and become the cause of injustice.   "Extreme justice is injustice."

In this case it seems that the plaintiff, evidently a busy man, had left his office on an extended trip and negligently omitted to instruct a clerk to open the mail which should have been expected from his attorney, and in consequence a notice to take the depositions of his witnesses in Chicago failed to reach the hands of his local attorney there, but was instead forwarded to plaintiff hundreds of miles away, and it became impossible to return the notice in time to take the depositions before the case was set for hearing.   Thereupon plaintiff returned to Chicago, unsuccessfully tried to find one witness who was absent, and taking such witnesses as he could started by rail for the place of trial,

several hundred miles away, and had accomplished probably three-fourths of the journey when the case was called for trial. His attorney was in court and was kept advised by wire of his movements, and the attorney by affidavit informed the court of the facts, so far, it is presumed, as he knew them, and asked a delay of only a few hours. This was refused, and the suit was dismissed for want of prosecution. The next morning all the parties, and so far as any intimation in the record goes all the witnesses, were present, and no reason appears for the refusal to allow plaintiff's motion to reinstate the suit, unless it was to punish him for his former delinquency.

Especially considering the nature of this case, where the pendency of the suit might be the only protection of a valuable legal right and the dismissal thereof might impose upon the plaintiff great loss, the action of the court seems extreme—in short, an abuse of judicial discretion.

The order of the district court dismissing the action is reversed and the case is remanded, with instructions to reinstate it.