No. 18,748.

MRS. R. M. BUCHANAN, *Appellee,* v. THE FIREMAN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, *Appellant.*

### SYLLABUS BY THE COURT.

1. NEW TRIAL—*Absence of Attorney—Motion Denied—No Abuse of Discretion.* Upon the facts stated it is held that no abuse of discretion is shown on the part of the trial court in hearing a cause in the absence of the attorney for the defendant, or in overruling a motion for a new trial based upon that ground.

2. SAME. In an action on a fire insurance policy, tried in the absence of the defendant's attorney, it is held not to have been error to overrule a motion for a new trial, although the plaintiff, having under the pleadings the burden of proving that an arbitration of the amount of loss was prevented by the defendant's misconduct, failed to introduce any evidence on that point, there having been testimony that the loss was in fact more than three times the face of the policy.

Appeal from Smith district court; RICHARD M. PICKLER, judge. Opinion filed February 6, 1915. Affirmed.

*D. W. Mulvane, Charles E. Gault,* and *D. R. Hite,* all of Topeka, for the appellant.

*T. D. Relihan, A. W. Relihan, F. W. Mahin,* and *I. M. Mahin,* all of Smith Center, for the appellee.

The opinion of the court was delivered by

MASON, J.: Mrs. R. M. Buchanan recovered a judgment in the district court of Smith county upon a fire insurance policy, and the company appeals.

The case was tried in the absence of the defendant's attorney, and the judgment was rendered upon the pleadings and the evidence introduced by the plaintiff. A motion for a new trial and a petition to set aside the judgment were urged on account of the circumstances which caused the absence of the defendant's attorney, and on the ground that in the state of the pleadings the cause was not properly for trial, and that in any event

the evidence of the plaintiff did not make out a *prima facie* case.

The facts regarding the making up of the pleadings and the absence of the defendant's attorney may be thus summarized : At the March, 1912, term of the court a motion was presented to strike matter from the reply on the ground that it constituted a departure from the petition, inasmuch as in the petition the plaintiff alleged that she had complied with all the conditions of the policy, and in her reply stated that while in some respects she had not so complied, the company had waived compliance. The motion was sustained. The petition was at once amended by interlineation so as to read that the plaintiff had complied with the conditions of the policy, excepting such as had been waived by the defendant. A slip was also attached to it containing allegations to the effect that the defendant by its misconduct had prevented an arbitration of the amount of loss. The plaintiff asked and was given leave to file an amended petition on or before May 1, 1912, but no further amendment to the petition was made. On June 6 the defendant's attorney, a resident of Topeka, wrote to the plaintiff's attorney asking that the amended petition be filed within ten days, and that he be furnished a copy. He also wrote to the clerk of the court asking a copy of any new pleadings, and inquiring if any had been filed. He received no answer to either letter. On August 28 the plaintiff's attorneys wrote him that they had already written him that they had decided not to rewrite the petition; and that at the March term of court they had attached the slip already referred to. On August 31 the defendant's attorney wrote to the plaintiff's attorneys that he did not see how he could be ready for trial at the approaching term, that he could not be present on the opening day (Monday, September 2), and that he hoped the case would be passed until he could come to Smith Center and arrange for either a continuance or a trial later in the term. An answer was sent him on the 2d,

to the effect that the court had set the case for the 4th, but with the understanding that if he was not ready for trial it should go over until the latter part of the next week. He at once answered that, in view of engagements made, it was practically impossible to take up the trial at the September term. On September 7 he received a telegram saying that the case was set for the 10th and that the plaintiff would not consent to a continuance. On Monday, September 9, while in Denver, he received a telegram from one of the defendant's attorneys saying that the case would be passed until Saturday, the 14th, or Monday, the 16th. After receiving this information he arranged for the hearing of a case in a federal court at Denver on Friday, the 13th, expecting to leave Denver that night and to reach Smith Center on the morning of the 14th. Late in the afternoon of Thursday, the 12th, he learned that the Smith county district court would insist on hearing the cause on Friday, the 13th. The trial in the federal court was not then completed, and on that account the defendant's attorney was required to remain in Denver until the next morning. On that day (Friday, the 13th) the Smith county case was tried. The motion for a new trial was filed on September 16, and the petition to set aside the judgment on September 20. Both were heard and overruled on December 21, 1912.

The situation obviously presented strong reasons for such a continuance as would accommodate the defendant's attorney, and enable him to be present at the trial. But the district court, having in mind the condition of the business to be disposed of, the time available for the purpose, and the rights of other litigants, was required to exercise judgment and discretion in determining whether there should be a postponement. We have less knowledge than the district court of the extent to which such an order would have affected other matters, and can not say that there was any abuse of discretion in calling and hearing the case in the absence of the defendant's attorney, and in refusing to grant a new

Buchanan v. Insurance Co.

trial. The defendant's attorney had notice on September 12 that the case would be heard the next day, so that it was possible for him to have been present, or to have procured a representative. After receiving that notice he appears to have sent no further word as to his wishes or intentions until the night of the 13th, after the trial, when he sent a telegram to the judge, asking what order had been made, to which he received no reply. It is obvious that if the case had been called on the 14th, in accordance with the telegram on which he relied in arranging for the hearing in the federal court, he would not have been present.

It can not be said that the case was called for trial before it was properly at issue. The issues were joined by the filing of a petition, answer and reply. The requirement that the issues should be made up ten days before the trial was thus satisfied, irrespective of any subsequent amendments. (*Rice & Floyd v. Hodge Bros.*, 26 Kan. 164.) The plaintiff's permission to file an amended petition by May 1 expired when the period fixed had elapsed. (*Haight v. Schuck*, 6 Kan. 192.) The effect of the changes made by the interlineation and the attachment of the slip to the petition were to transfer allegations from the reply to the petition. That the instrument was not marked as refiled is not important. The reply contained a general denial, and it is not suggested that any further pleading on the part of the defendant was necessary or desired, except with reference to the matter of gasoline being kept on the premises, hereinafter referred to.

The defendant maintains that no recovery should have been permitted because the plaintiff, although pleading performance on her part of the conditions precedent to recovery, introduced no evidence to support the allegation, beyond showing that proof of loss was made. The policy contained the usual provision that no suit should be sustainable until after full com-

pliance with all its requirements,. one of which was that in the event of disagreement as to the amount of loss it should be settled by the award of appraisers. Such provisions have been held to make an arbitration a condition precedent to an action on the policy, where the amount is in controversy, although there is a want of harmony in the adjudications on the subject. (Note, 15 L. R. A., n. s., 1055.) Here there was no express averment of a disagreement as to the amount of loss, although this might be inferable from the allegation, both in the petition and answer, that a request for an arbitration had been made. No evidence was offered on this subject. Whether or not under the pleadings the plaintiff had the burden of proving that the arbitration was prevented through the fault of the defendant, we do not regard the absence of evidence on that point as requiring a reversal. Testimony was given that the loss was over $5000. The policy was for but $1500. In its effort to have the judgment vacated the defendant represented that the plaintiff had violated the terms of the policy by storing gasoline on the premises, but did not undertake to show that the goods destroyed were worth less than the amount of the policy. In this situation we do not think the decision of the trial court should be disturbed.

The judgment is affirmed.

WEST, J. (dissenting) : Nothing appears in the record which to my mind justifies penalizing the defendant on account of the absence of its attorney under the circumstances shown by forcing a trial when only one party was represented. The general rule that new trials are favored is based upon the theory that no harm can come to the party entitled to win, and certainly the party already adjudged to be thus entitled in this case can afford to give her adversary an opportunity to present such defense as it may have, and I think the failure to grant a new trial in this instance was error.