CITY OF WICHITA, *Appellee*, v. ALBERT CATINO, *Appellant*.

No. 39,168

CITY OF WICHITA, *Appellee*, v. ALBERT CATINO, *Appellant*.

(265 P. 2d 849)

Opinion filed January 23, 1954.

*Alan Phares*, of Wichita, argued the cause, and *Pat Warnick*, *Henry E. Martz* and *Fred J. Gasser*, all of Wichita, were with him on the briefs for the appellant.

*Robert C. Helsel*, of Wichita, argued the cause and *Fred W. Aley*, of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: Two prosecutions were commenced in the police court of the City of Wichita charging the defendant, Albert Catino, with violations of the penal code of that city. He was tried, convicted and sentenced for a violation of Section 48 of Ordinance 11-492 in one of the actions and for a violation of Section 66 of Ordinance 11-592 in the other. Thereafter, as authorized by G. S. 1949, 13-611, he appealed from the orders and judgments, of the police court, to the district court of Sedgwick County.

The appealed cases first appeared on the docket of the district court for the October 1952 term and were set for trial on December 8, 1952. On such date they were passed over the term and placed on the docket for January 12, 1953, that being the first day of the January 1953 term. On the date last mentioned all concerned appeared in court and announced ready for trial. The parties disagree as to what happened following this announcement. However, their contentions with respect thereto need not be labored at the moment. For the present it suffices to say that on March 9, 1953, at a time when the defendant made no appearance either in person or by attorney and the city appeared by one of its legal representatives and announced ready for trial, the district court dismissed the appeals for lack of prosecution on its own motion. The instant appeals, consolidated in this court for purposes of appellate review are from those orders.

In a preliminary way it may be stated that appellant's counsel, with commendable candor, concede the rule (See 17 Am. Jur., Dismissal and Discontinuance, 88, § 57; 27 C. J. S., Dismissal and Nonsuit, 259, § 76) that the power of a court to dismiss a case, upon its own motion, because of failure to prosecute with due diligence is inherent and exists independently of any statute. Indeed, when carefully examined and analyzed, it appears the gist of all arguments advanced by them in support of their position the trial court's orders in dismissing the appeals were erroneous is predicated upon the premise that its action in so doing constituted an abuse of discretion and was therefore erroneous.

In support of the foregoing claim of error appellant asserts, and supports his assertions by the affidavits of himself, his wife and one of his attorneys, that on the opening day of the January 1953 term of court, i. e., on January 12, when all parties were in court and indicated they were ready for trial in the involved cases the trial court, instead of fixing a day certain for the trials, announced that the cases would be continued indefinitely and that counsel for the parties would be notified when they were assigned for the trial.

It may be conceded that if the facts asserted and relied on by appellant were admitted by the parties, and not otherwise refuted by the record, that this court would be compelled to conclude the trial court had abused its discretion in dismissing the appeals. The trouble from appellant's standpoint is that they are flatly contradicted by the appellee which claims, and supports its claim by the

affidavit of one of its attorneys, that instead of continuing the trial of the cases indefinitely on January 12, as asserted by appellant, the trial court definitely set such cases for trial on March 9, 1953, the very day on which it dismissed the appeals because of lack of prosecution. Thus it appears, at the outset, that what appellant is asking this court to do is to sit as the triers of fact on a factual issue about which the parties are in complete and irreconcilable disagreement. That, under our repeated decisions, is not our province and it may be stated that under such circumstances it is to be doubted we will ever feel constrained to assume that burden on appellate review. Be that as it may, there is no occasion for a decision of that question here for these appeals can and must be determined without regard to the parties' contentions respecting the conditions and circumstances under which the trial court made the ruling of which the appellant complains.

The record in each of the cases involved on appellate review reveals identical journal entries, signed by the trial judge, which read:

"*Now on this 9th day of March, 1953, this matter having been continued from the 12th day of January, 1953, for trial,* the City of Wichita appearing by its attorney, Robert C. Helsel, who announced ready for trial, the defendant appearing neither in person or by attorney, the Court being fully advised in the premises dismissed the action for lack of prosecution of the appeal." (Emphasis supplied.)

And discloses a letter from such judge directed to the attorneys of record, dated May 15, 1953, which reads:

"Re:  *City of Wichita vs. Albert
      Catino* Cases
      A-41371 and A-41372

"Gentlemen:

"Mr. Gass, the Official Court Reporter for this division of court, has referred to me a letter dated May 12, 1953, from Mr. Warnick, requesting transcripts of such records as we may have relative to the disposition of the above cases during the January and April terms of court.

"Please be advised that no shorthand notes were taken of the rulings made at the various times that these cases have been called; the bench docket of this court reflects, however, that these cases were first called at the regular call of the criminal docket of this court on October 6, 1952, same having been the first day of the October, 1952, term of Court, at which time the cases were set for jury trial for December 8, 1952. On December 8, 1952, these cases were passed over the term, apparently because they could not be reached for trial during the term. The cases were again called at the regular call of the criminal docket of this court on January 12, 1953; the same having been the first day of the January, 1953, term of court, at which time the cases were

set for jury trial for March 9, 1953. Then, on March 9, 1953, a jury panel being in attendance upon the Court, these cases were called for trial and the appeals dismissed when defendant failed to appear."

This court is committed to the rule it cannot determine the terms of a judgment on unsupported or controverted claims of the parties to the action but must assume the journal entry correctly reflects the judgment rendered and the facts therein recited notwithstanding a claim of one of the parties to the contrary. See *State v. Smith,* 171 Kan. 722, 725, 237 P. 2d 388; *In re Estate of Demoret,* 169 Kan. 171, 180, 218 P. 2d 225; *State v. Coover,* 165 Kan. 179, 181, 193 P. 2d 209.

Applying the foregoing rule, since the journal entries of judgment clearly state the involved cases were set for trial on March 9, 1953, and the trial judge who made the orders dismissing them has confirmed the fact such instruments are correct and speak the truth, we have little difficulty in concluding the appellant's claim the trial court abused its discretion in dismissing such cases for want of prosecution lacks merit and cannot be upheld.

Conceding, as appellant contends, that the journal entries of judgment were neither presented to, nor signed by, his attorneys does not compel or warrant a contrary conclusion. Our duty is to determine whether the district court abused its discretion in dismissing the appeals on the date in question, not to pass upon whether the action of the judge of that court in subsequently signing such journal entries without the approval of appellant's attorneys conforms to proper practice.

Based on what has been heretofore held and stated it necessarily follows that the orders and judgments made and rendered by the trial court in cases Nos. 39,167 and 39,168, and each of them, must be affirmed.

It is so ordered.