No. 41,217

CITY OF WICHITA, *Appellee,* v. EDGAR N. HOUCHENS, *Appellant.*

(335 P. 2d 1117)

Opinion filed March 7, 1959.

*Robert S. Lomax* and *Fred J. Gasser,* both of Wichita, were on the briefs for the appellant.

*Fred W. Aley,* city attorney, and *John Callahan,* assistant city attorney, of Wichita, were on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This prosecution was commenced in the police court of the city of Wichita, charging defendant (appellant), Edgar N. Houchens, with violation of the penal code of that city. He was tried and convicted for the offense as charged. Thereafter, as authorized by G. S. 1949, 13-611, he appealed to the district court of Sedgwick county from the order and judgment of the police court.

Defendant's case, on appeal, first appeared on the docket of the district court the first day of the April term, 1958, the seventh day of April. On that date counsel for defendant appeared at the statutory call of the docket and announced ready for trial. Defendant's case, along with approximately two hundred other police-court appeal cases, was continued until April 9 at 10:00 a. m. On the latter date, prior to his call of the docket, the court stated:

"This docket is getting rather difficult. I want you to understand that we set the cases on a day certain. If no appearances are made the cases will be remanded and not reinstated. There is no other way to handle the volume and the problems on the docket. We will try to avoid you not having to make any more appearances than necessary.

"All cases that were set for this morning will now be called and after they have been called we will then determine the order of trial."

The court then proceeded to call the list of cases, regarding which various announcements and dispositions were made. However, when the case in question was called, neither defendant nor his

counsel appeared and the court dismissed defendant's appeal. The journal entry of dismissal discloses that plaintiff city appeared by counsel and announced ready for trial and there were no other appearances; that the city of Wichita moved the court for an order dismissing the appeal for lack of prosecution and remanding the cause to the police court. The court, being advised in the premises, found the motion should be sustained and dismissed the appeal.

The affidavits filed by counsel for defendant disclose they anticipated that because of the large number of cases on the docket defendant's case would not come up until a later time; that on the morning of April 9 one counsel was ill and found he could not appear in court. His wife informed his secretary of this fact; she, in turn, advised counsel's law partner, who appeared later that morning while the court was making its second docket call of the two hundred cases set for trial on that day. However, defendant's case had been previously called and dismissed. Upon the completion of the call of the docket, counsel orally moved the court to set aside the dismissal and reinstate the appeal, which was denied. On April 16, defendant filed a written motion to set aside the dismissal and reinstate the appeal, which was also denied. It is from these orders that defendant appeals to this court, contending that the trial court abused its discretion in dismissing and refusing to reinstate defendant's appeal.

We think the law is well settled that the power of the courts to dismiss a case because of failure to prosecute with due diligence is inherent and exists independent of any statute or rule of court. (*City of Wichita v. Catino*, 175 Kan. 657, 265 P. 2d 849; 17 Am. Jur., Dismissal, Etc., § 77, P. 151; 27 C. J. S. Dismissal and Nonsuit § 76.)

Over fifty years ago, we held in *Bane v. Cox*, 75 Kan. 184, 88 Pac. 1083, that it was the duty of litigants to exercise great diligence both in prosecuting and defending actions in court, and in view of the many cases set for hearing at each term of the district courts, the orderly disposition of the business and the protection of other litigants from expensive delays and accumulating costs made it incumbent upon the court to strictly require the parties to every action to be ready for trial at the time the case was set for hearing or prove that in the exercise of due diligence they had been unable to do so.

We are in complete accord with the desire of courts to clear their

dockets in order to save time and expense and expedite the court's business. Such practice is not only commendable and should be encouraged, but it is necessary in order for all litigants to obtain impartial and timely justice. However, it is also highly important that drastic procedure in dismissing an action involving the rights of a citizen be exercised with utmost care. (*Reddington v. Rank,* 176 Kan. 484, 490, 271 P. 2d 807; *Bane v. Cox,* supra.)

Since *Bane v. Cox,* supra, was decided the population and litigation in this state have increased tremendously, especially in the county of Sedgwick, where the number of divisions of the district court has increased from one to six, and, as indicated, the court on the day in question had some two hundred police court appeal cases alone, in addition to other litigation pending in that district. It was necessary that the trial judge make an orderly disposition of the cases on the docket, which he could not have done if he had waited for the delayed appearance of defendant's counsel. If counsel in the other cases had also failed to appear, the court would have been at a standstill. Under the conditions existing in the court below, time was not only a valuable element to the court but to all litigants as well. While one of defendant's counsel attempts to excuse his failure to appear at the proper time by the fact that he was ill, that is no excuse for his failure to inform his law partner or the district judge or some proper court attaché of his inability to be present at the call and to request the court for either a setting of the case at a future date or for a delay until he or his partner was able to appear. The fact that defendant's counsel were of the opinion that there were a number of cases on the call ahead of defendant's case is no excuse for counsel's failure to appear at the call of the docket.

Upon an examination of the record in the instant case, we cannot say that the trial court abused its discretion in dismissing defendant's appeal for want of prosecution and in overruling his motion to reinstate the case. The judgment is affirmed.

It is so ordered.

ROBB, J., dissents.