No. 41,738

MARY CARTER, *Appellee*, v. STATE DEPARTMENT OF SOCIAL WELFARE, STATE OF KANSAS, *Appellant*.

(348 P. 2d 609)

Opinion filed January 23, 1960.

*J. A. Babicki*, of Topeka, argued the cause, and *John Anderson*, attorney general, *Hart Workman, Charles V. Hamm* and *William W. Dimmitt, Jr.*, all of Topeka, were with him on the briefs for the appellant.

*W. L. Parker, Jr.*, of Topeka, argued the cause, and *Robert L. Kimbrough, George E. McCullough, Walter N. Scott* and *Floyd E. Gehrt*, all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

FATZER, J.: This appeal is from an order of the district court dismissing the appeal of the State Department of Social Welfare from an award entered by the Workmen's Compensation Commissioner for lack of prosecution.

The parties were before this court in 1959 *(Carter v. State Department of Social Welfare*, 184 Kan. 825, 339 P. 2d 5).

The pertinent facts of this record are summarized: On June 2, 1958, the Workmen's Compensation Commissioner made an award of temporary total disability in favor of the claimant appellee, Mary Carter.

On June 13, 1958, the State Department of Social Welfare perfected its appeal from that award, and the same was docketed and

assigned to the first division of the district court of Shawnee County, Kansas.

When the September 1958 term of the district court opened, the appeal was not called for trial and on December 1, 1958, the appellant filed its motion to have the matter set for hearing. Because there was another action pending between the parties in the second division of the district court involving G. S. 1949, 44-512a, the clerk of the court erroneously assigned that motion to the second division, notwithstanding the pleading showed on its face it was to have been filed in the motion docket of the first division. When the appellant discovered the error, it dismissed the motion in the second division and refiled it in the first division.

After making inquiry as to how long a hearing of the appeal would take, the court in recess (the date not shown by the record) advised counsel for the appellant the matter would be set specially for disposition. No further action was taken by either party to set the appeal for hearing despite the fact that the January term of the district court opened on the second Monday in January 1959, and the April term commenced on the first Monday in April 1959.

On June 16, 1959, there appeared in the Topeka Daily Legal News a list of cases which was denominated "Court Cases" in the first division. Under that caption appeared: "The following cases are set for disposition or assignment for trial on Monday, June 22nd, 1959." Among the 42 cases listed were the cases of *Bentley v. State Department of Social Welfare* and *Carter v. State Department of Social Welfare.* When the docket of cases was called on June 22, 1959, those two cases were among the ones called. Counsel for neither the appellee nor the appellant appeared. The court then dismissed the instant case, but continued the Bentley case. Counsel for the appellant stated in its brief that the Bentley case was one arising under G. S. 1949, 44-512a, and its dismissal for want of prosecution would have benefited the appellant, but that the Carter case, which was detrimental to the appellant, was the only one dismissed.

On June 23, 1959, the appellant filed its motion to reinstate the appeal. The court heard the motion and denied it, hence this appeal.

The appellant contends the dismissal of its appeal was prejudicial to its rights to a trial upon the merits and that the refusal to reinstate the appeal was an abuse of discretion particularly in view of the fact that the motion to reinstate was filed the day after the appeal

was dismissed. We do not think the contention is meritorious. This court cannot control the action of the district court in the setting of cases on its docket for disposition or trial, or the dismissal of a case or cases for lack of prosecution, except in instances where it is affirmatively made to appear that the action taken constitutes an abuse of judicial discretion. In that respect, the appellant has not sustained the burden of such a showing in this appeal.

The Topeka Daily Legal News is an official legal publication. For many years it has been used by the district court as the means of notifying the public and members of the bar of Shawnee County of the setting for disposition or assignment of trial of cases on the dockets of the different divisions. It is the means of notice to counsel for the transaction of the judicial business of the district, and when given, is sufficient notice to counsel to be present and attend the call of the docket. Lawyers, as officers of the court, are expected to be present when their cases are called and assist the court in their disposition or assignment for trial.

In this case, the appellant filed one motion and then failed to appear on the first day of two successive terms of the district court, and further failed to appear when notice was given that the case would be called for disposition or assignment for trial on June 22, 1959. The rule with respect to the power of the district court to dismiss a case for lack of prosecution was stated in *City of Wichita v. Houchens*, 184 Kan. 297, 335 P. 2d 1117, as follows:

"We think the law is well settled that the power of the courts to dismiss a case because of failure to prosecute with due diligence is inherent and exists independent of any statute or rule of court. (*City of Wichita v. Catino*, 175 Kan. 657, 265 P. 2d 849; 17 Am. Jur., Dismissal, Etc., § 77, p. 151; 27 C. J. S. Dismissal and Nonsuit § 76.)

"Over fifty years ago, we held in *Bane v. Cox*, 75 Kan. 184, 88 Pac. 1083, that it was the duty of litigants to exercise great diligence both in prosecuting and defending actions in court, and in view of the many cases set for hearing at each term of the district courts, the orderly disposition of the business and the protection of other litigants from expensive delays and accumulating costs made it incumbent upon the court to strictly require the parties to every action to be ready for trial at the time the case was set for hearing or prove that in the exercise of due diligence they had been unable to do so." (l. c. 298)

After a careful examination of the record in this case, we cannot say that the district court abused its discretion in dismissing the appeal of the State Department of Social Welfare for want of prosecution or in overruling its motion to reinstate the appeal.

The judgment is affirmed.