Lillian M. Desch, *Appellee*, v. Leonard A. Carnutt, *Appellant*,

No. 41,715

Lillian M. Desch, *Appellee*, v. Leonard A. Carnutt, *Appellant*.

(349 P. 2d 941)

Opinion filed March 5, 1960.

*Howard A. Jones* and *Charles L. Davis, Jr.*, both of Topeka, argued the cause, and *William E. Haney* and *George B. Trubow*, both of Topeka, were with them on the brief for the appellant.

*Harold E. Doherty*, of Topeka, argued the cause, and *James E. Benfer*, of Topeka, was with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: These consolidated appeals arise out of an action to recover for personal injuries sustained in an automobile collision. Judgment was entered for plaintiff, and defendant has appealed.

Basically, the decisive question involved is whether, under all of the facts and circumstances of record, the trial court erred in proceeding to hear the case and in entering judgment.

The collision occurred on August 27, 1956. The petition was filed on April 28, 1958. Service of summons was made by a deputy sheriff. A motion to quash the service was denied. Later an amended petition was filed. Defendant filed an answer "under protest." Plaintiff filed a reply. It appears that various motions were filed by defendant pertaining to a physical examination of plaintiff and for the inspection of certain medical records. Eventually, the case being at issue, it was set down for trial by jury on Monday, May 11, 1959, and counsel for both parties were notified. On Wednesday, May 6, defendant served a notice to take the deposition of a local physician on Friday, May 8. On May 6 the

court made an order restraining defendant from taking the deposition "until further order of this Court." On May 8 defendant filed a motion to vacate the restraining order and for a continuance of the trial. It appears that no formal order was made as to this motion, but Mr. Davis, who was handling the case for defendant, was advised by the court the motion would be taken up on Monday when the case was set for trial. On the same day, May 8, defendant filed a notice of appeal to this court from the order restraining the taking of the deposition and from the order denying the motion to quash service of summons. That appeal was docketed as case No. 41,597.

It appears that on Friday, May 8, there was considerable discussion between court and counsel relative to the matters in question and concerning the trial of the case which was set for the following Monday morning. Mr. Davis, representing the defendant, later contended it was his "understanding" the case would be continued. No order of continuance, however, either oral or written, was made.

On Monday morning, May 11, plaintiff, her witnesses and counsel, were present in court. A jury was in attendance. Attempts were made to contact Mr. Davis, counsel for defendant. They were unsuccessful. Finally, after waiting until about 11 A. M., the court discharged the jury and at plaintiff's request proceeded to hear plaintiff's evidence. Defendant and his counsel were not present. At the conclusion of the hearing the court entered a money judgment for plaintiff.

On May 15 defendant filed a motion to set aside the judgment. It was denied on May 21. Shortly thereafter defendant filed a second motion to set aside the judgment, together with an affidavit by Mr. Davis setting forth his version and understanding of events of Friday, May 8, with respect to the case being tried on the following Monday.

At the hearing of this second motion, on June 11, Mr. Davis testified at length as to his understanding of the status of the case and as to why he and his client were not in court on Monday, May 11. The motion was denied, and defendant appealed to this court, the appeal being docketed as case No. 41,715.

The specifications of error are that the trial court erred (1) in denying the motion to quash service of summons; (2) in enjoining and restraining defendant from taking the deposition of the local

physician; (3) in denying the motion to set aside the restraining order; (4) in entering the judgment following the trial on May 11, and (5) in denying the motions to vacate and set aside the judgment.

Each of the matters specified is argued in the briefs, but, as we view the record, all, with one exception, are either now moot and immaterial or else without substantial merit. We therefore refrain from entering into an academic discussion of such matters and proceed to what we consider to be the basic question involved— that is, whether under all of the facts and circumstances the court erred in proceeding to try the case on Monday, May 11, and in entering judgment. Stated another way—the proposition really narrows down to the question whether the trial court was guilty of an abuse of discretion.

At the time the appeals were submitted the matter was argued vigorously and extensively by counsel for both sides. In addition, the record has been examined and studied in detail. We have concluded that no good purpose would be served by setting out the testimony and argument at the hearing of the motion to set aside the judgment. The attitude and reasoning of the trial judge are reflected in some of his comments to counsel during the hearing, and we quote briefly:

"I think most of this is in the record in connection with the other hearing, especially this part that at the time to begin the trial of this case it was set right at 10:30 in the morning rather than 9:00 o'clock because of the setting of the Supreme Court in which Doc Doherty had the first argument, and he asked to have it set over until 10:30 and he would be here. I told the jury the Friday before, which was the 8th, that was the day on which I finished a hearing, trial of a condemnation appeal, for the jury not to come back until 10:30 on Monday, knowing there would be a delay and they need not get here at 9:00 o'clock. Well, 10:30 came around and as I say I think all or most of the salient facts are already in the record, 10:30 came around and Doc came in and we visited, talked, it came up to about 11:00 o'clock and Mr. Davis had not appeared, and so about 11:00 o'clock, I would think, I called your office. Now who answered I don't know. You say your receptionist and I suppose that is the one that would ordinarily answer the telephone calls. I told her who I was and I asked if you were in, and she said, 'No, that you had called in but had left no word about when you would come back or whether or when you would be in.' I left no call for you to call me. I didn't do that because she had no information about where you were or when you were going to call in or whether you would be in. That was her statement, and with that Doc was sitting here when this telephone conversation was had, with your office, whoever it may have been, and when that was over I told Doc of the conversation, what the lady had said, he had already heard what I said, and I said to him, 'What do you want to do' and he said

'I want to go to trial.' The only reason that I reiterate some of that is so it may be compared with statements made here under this cross examination as to where you were, what time you were at your office and whom you saw and so on. That is the only reason I put that in."

.    .    .    .    .    .    .    .    .    .    .    .

"I told you I did believe you when you made that statement later on, but I said you didn't follow my order. That is the only thing. I agree that that is what you thought, but you didn't do what I told you to do, and that was to come here Monday morning, whether going to be tried or not. We had a motion for a stay which was pending and which was to be taken up Monday morning, and I told you to be here and you were not here. Now that is all there is to it. What you thought I think is probably true, you thought it wasn't going to be tried, but I told you to be here and you were not here."

.    .    .    .    .    .    .    .    .    .    .    .

"It might have been a different thing about whether that case would have been tried or not, but as it was the court was ignored. I get nothing on Monday morning, no one was here, I couldn't find out anything, and I just feel, and it's not a personal matter with me, but I just feel that a court cannot be ignored, that is not fair to litigants, not fair to counsel, it's not fair to the jury, and it's a little bit drastic, but lessons must be learned, and the motion will be denied."

.    .    .    .    .    .    .    .    .    .    .    .

"The thing about it is, the trouble with all this order is that it has to do with what counsel for defendant believed, which is different from what he had been directly told. Now that is the trouble with it. He wants the Court to be concerned in this by what he was thinking and I can't be concerned about that because that is in direct conflict with expressed direction which I gave counsel about the case coming up on Monday morning, and actually, Charles, I think that everything that you are talking about is in the record."

.    .    .    .    .    .    .    .    .    .    .    .

"Mr. Davis:   .   .   .   Could the record just show this, that in over 10 years of practice before you that I have never done or said anything to give you cause to disbelieve me.

"The Court: That is true. That is true, I will admit that right now. The only thing that happened in this case which was different than anything else was that you did not do what I told you to do. Now that is the only thing. I don't accuse you of lying to me at all, Charles. I don't do that. And I am glad to put that in the record. I don't do that."

Questions relating to the power and authority of trial courts over their dockets, to dismiss actions for want of prosecution, to proceed in the absence of counsel for one of the parties, and of the duty and obligation of counsel with respect to exercising diligence in order to facilitate the orderly administration of the routine business of courts, have been before this court on numerous occasions. We

attempt no review of the many cases on the subject, but cite a few for the benefit of the interested reader: *Hill v. Williams,* 6 Kan. 17; *Mehnert v. Thieme,* 15 Kan. 368; *Weems v. McDavitt,* 49 Kan. 260, 30 Pac. 481; *Bane v. Cox,* 75 Kan. 184, 88 Pac. 1083; *Buchanan v. Insurance Co.,* 94 Kan. 132, 146 Pac. 411; *Gooden v. Lewis,* 101 Kan. 482, 487, 167 Pac. 1133; *Bennett Grain Co. v. Davis, Director-general,* 114 Kan. 800, 804, 220 Pac. 1031; *Stockgrowers State Bank v. Clay,* 150 Kan. 93, 90 P. 2d 1102; *City of Wichita v. Catino,* 175 Kan. 657, 265 P. 2d 849; *City of Wichita v. Houchens,* 184 Kan. 297, 335 P. 2d 1117, and *Carter v. State Department of Social Welfare,* 186 Kan. 187, 348 P. 2d 608.

In a matter such as we have before us—where the trial court's findings as to the facts and circumstances are supported by the record, and where there is no clear showing that it proceeded unlawfully or was guilty of an abuse of discretion—its action, in the very nature of things, must be upheld. No reversible error being made to appear, as to each appeal the judgment is affirmed.