258 So.2d 24 (1972)
The STATE of Florida, Appellant,
v.
Oscar ALVAREZ et al., Appellees.
The STATE of Florida, Appellant,
v.
Anthony Joseph DELANO et al., Appellees.
The STATE of Florida, Appellant,
v.
Dave MARCUS, Appellee.
The STATE of Florida, Appellant,
v.
Dave MARCUS and Richard Riggins, Appellees.
Nos. 71-464 - 71-468.
District Court of Appeal of Florida, Third District.
February 15, 1972.
*25 Robert L. Shevin, Atty. Gen., and Arnold R. Ginsberg, Asst. Atty. Gen., for appellant.
Walter Gwinn and Jerry Mosca, Miami, for appellees.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
PEARSON, Judge.
The State is the appellant in each of these appeals. In each case it is appealing an order of the trial court declaring that the prosecution of the cause had been abandoned by the State and thereupon dismissing the information filed. All of these informations were filed as the result of the grand jury testimony of a former police officer named Charles Celona. Presumably because of the public corruption alleged, the Governor of the State of Florida assigned officers from circuits outside of the eleventh judicial circuit to prosecute the charges growing out of the Celona investigation. These informations were dismissed by the presiding judge on April 2, 1971.
The threshold question is whether a trial judge in a criminal prosecution before him has the power to declare a prosecution abandoned when the prosecuting officer urges that the prosecution should be continued. The State does not make this question a point on appeal but urges rather that the order of the trial judge was based upon a mistaken application of the statute pertaining to the assignment of state's attorneys.[1] In the alternative it is argued that the trial judge's order is erroneous because the record does not support a finding that the prosecution of the cases was abandoned. We think that a determination of the trial judge's right to take the action that he did is necessary to a consideration of the case.
The appellees have cited State v. O'Neal, Fla.App. 1965, 174 So.2d 564, to support the conclusion that a trial judge in a criminal prosecution has an inherent power to declare that the prosecution has failed to go forward with a cause and therefore can dismiss the information. In that case, the appellate court affirmed an order which stated that the State had abandoned or discontinued the prosecution of certain informations, but the affirmance was upon the stated ground that the appellate court was not furnished with a record of the proceedings in the trial court. The court stated: "In the absence of all the record that was adduced below, we must accept the circuit judge's statement." We conclude that a trial judge in a criminal prosecution does have inherent power to make a finding that an abandonment of a criminal prosecution does exist. But this finding of fact, like all other findings of fact, must be supported by the record. See *26 discussion at 21 Am.Jur.2d Criminal Law § 517. City of Wichita v. Catino, 175 Kan. 657, 265 P.2d 849 (1954), City of Wichita v. Houchens, 184 Kan. 297, 335 P.2d 1117 (1959).
The State argues with considerable logic that the trial judge erred in his conclusion that the authority of the specially appointed state's attorneys from other circuits had expired. It has often been pointed out, however, that even if a court states an incorrect reason in its decision, a reversal is not required if the order challenged is sustainable upon other grounds. In Cohen v. Mohawk Inc., Fla. 1962, 137 So.2d 222, the Supreme Court went further to point out the duty of the district courts in such cases.
* * * * * *
"It should be kept in mind that the judgment of the trial court reached the district court clothed with a presumption in favor of its validity. 1 Fla.Law and Practice, Appeals § 152, 2 Fla.Jur., Appeals § 314, and authorities cited therein. Accordingly, if upon the pleadings and evidence before the trial court, there was any theory or principle of law which would support the trial court's judgment in favor of the plaintiffs, the district court was obliged to affirm that judgment."
* * * * * *
Emphasis as noted 137 So.2d 225.
In the present instance the trial judge reached the conclusion that the prosecution of these criminal cases had been effectively abandoned by the State of Florida. As gathered from the record before us it is clear that the court and the defendants were faced with an impossible situation in which the prosecution could not effectively proceed. The elected state's attorney for the eleventh judicial circuit failed to appear to prosecute the defendants. Several of the assigned assistant state's attorneys declined or showed no interest in the prosecution. The one assigned assistant state's attorney who showed an interest was tardy and sporadic in his appearances to prosecute the causes. It is our view that the trial judge's conclusion that the history of these prosecutions begun in 1969 and 1970 was effectively abandoned on April 2, 1971 is correct.
Affirmed.
NOTES
[1] F.S.A. § 27.14 as amended December 11, 1969.