NOT DESIGNATED FOR PUBLICATION

No. 121,333

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Name Change of
CEDRIC Y. PETERSON.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed June 12, 2020. Reversed and remanded.

*Cedric Y. Peterson*, appellant pro se.

*Jon D. Graves*, legal counsel, Kansas Department of Corrections, for appellee.

Before LEBEN, P.J., GARDNER, J., and MCANANY, S.J.

LEBEN, J.: Cedric Peterson, a Kansas prison inmate, wants to legally change his name to Kabisha Dhoruba-Ali. Kansas law provides a way for someone to do that by filing a petition with their local district court, and Peterson did that.

The court took no action on Peterson's petition for about six months, and court records don't show Peterson following up, either. The court then sent Peterson an order stating that the case would be dismissed in 10 days for lack of activity unless Peterson showed a reason not to. The order told him: "You must file a document for the case to be taken off the dismissal docket and state the reason for doing so."

Peterson complied and filed two documents within 10 days. One of the documents, titled "Petitioner's Response to Notice of Dismissal," asked "that a hearing be afforded or allow [the case] to proceed with a default judgment." In that filing, Peterson also said that

1

he had asked for a status report on the case about two months after he had filed it; we can't confirm from court records that he did so. The second document, titled "Declaration for Entry of Default," said that no one had responded to his petition to change name. Presumably, based on the document's title, in this document he sought a default judgment—without a hearing—granting his name-change request. In the alternative, based on his other filing, he sought a hearing if a default judgment wasn't entered.

The day after Peterson filed those documents, the court dismissed his petition "for lack of prosecution." Peterson has appealed to our court.

A district court has the inherent authority to dismiss a lawsuit when the plaintiff or petitioner, the party who filed it, doesn't act with due diligence to move the case toward resolution. *Carter v. State Dept. of Social Welfare*, 186 Kan. 187, 189, 348 P.2d 609 (1960). Today, a statute, K.S.A. 2019 Supp. 60-241, guides the court in exercising that authority. It provides that before a court may dismiss a case involuntarily for lack of prosecution, the court must first provide at least 14 days' notice "that an order of dismissal will be entered unless cause is shown for not doing so." K.S.A. 60-241(b)(2). The court in Peterson's case incorrectly gave a 10-day notice, although that error caused no problem because Peterson responded within 10 days.

But the statute allows the plaintiff or petitioner (here, it's a petitioner) to prevent dismissal by showing "cause . . . for not doing so." K.S.A. 2019 Supp. 60-241(b)(2). The district court apparently found Peterson's response didn't show a good reason not to dismiss the case. On appeal, we review that decision for abuse of discretion. *Logan v. McPhail*, 208 Kan. 770, Syl. ¶ 2, 494 P.2d 1191 (1972); *Fischer v. Roberge*, 34 Kan. App. 2d 312, 314, 120 P.3d 796 (2005). That means we may reverse the district court only if its decision was based on a legal or factual error or if the decision was so off the mark that no reasonable person could agree with it. *In re Marriage of Thrailkill*, 57 Kan. App. 2d 244, 257, 452 P.3d 392 (2019). In deciding whether dismissal was appropriate,

2

both the district court and the reviewing appellate court should consider (1) the degree of actual prejudice caused to any party to the proceeding by its slow pace; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. *Fischer*, 34 Kan. App. 2d 312, Syl. ¶ 5; *Zordel v. Osawatomie State Hospital*, No. 116,130, 2017 WL 3321807, at *3 (Kan. App. 2017) (unpublished opinion).

When considering those factors, we can't see a valid case for dismissing Peterson's request to change his name:

1. There's no other party in a name-change action, and the only party we're aware of who could have been inconvenienced by delay here was Peterson.

2. There was no interference with judicial process—the court hadn't set the matter for any hearings. The only order the court issued was its 10-day dismissal notice, which told Peterson he "must file a document for the case to be taken off the dismissal docket and state the reason for doing so." And he complied with that order.

3. We can't see how Peterson had any significant blame for undue delay, either. Even if he didn't write the court a couple of months after filing the name-change petition to check on its status, as he claims (but our record doesn't show), the case had been on file for only a little more than six months. Peterson is a prison inmate, unable to go to the courthouse to ask at the clerk's office counter or perhaps call a self-help center about how to move a name-change action forward.

There is a statute—presumably available to Peterson in the prison library—about how name-change actions work. But it is arguably a bit ambiguous about some of the steps.

A name-change action begins with the filing of a petition in the county where the petitioner resides. K.S.A. 60-1402(a). We also know that it ends with an order changing the name "[i]f upon hearing the judge is satisfied as to the truth of the allegations of the

3

petition, and that there is reasonable cause for changing the name of the petitioner."
K.S.A. 60-1402(c). In between, some potential ambiguity comes into play.

Subsection (b) talks about providing notice for a hearing, but it suggests ample
discretion for the court by saying that either mail or publication service "*may* be made . . .
in the *discretion* of the court":

> "(b) Notice. Service of notice of the hearing may be made either by mail or by
> publication, in the discretion of the court. If notice is directed by publication, such notice
> shall be published . . . ; and if notice of hearing is directed to be given by mail, service of
> notice may be made by registered or certified mail to parties of interest, as prescribed by
> the court." K.S.A. 60-1402(b).

As a practical matter, district judges will sometimes waive notice when an adult
requests a name change and has no creditors. In such a case, there would appear to be no
interested parties to notify, and requiring publication would cause an unnecessary
expense. Peterson's case may fit that description, though we can't say from the record
before us. Nor do we consider in this appeal the legal question of whether it's appropriate
under K.S.A. 60-1402 to approve a name change without requiring notice to someone and
holding a court hearing. But see Supreme Court Rule 133 (2020 Kan. S. Ct. R. 199)
(allowing district courts to rule on motions without a hearing even when a hearing is
requested if oral argument would not materially aid the court); *In re Roe*, 773 N.Y.S.2d
215 (N.Y. Civ. Ct. 2003) (waiving notice requirement to father in name-change case of
minor based on history of domestic violence).

In many—perhaps most—cases, though, a district judge sets the name-change
request for a hearing. That's what the statute seems to suggest is the normal practice, with
the judge making the discretionary call of whether notice should be sent by mail to
potentially interested parties or by publication in case some member of the community at
large might have an interest.

4

In Peterson's case, the court never set a hearing or directed that notice of a hearing be made in one of those ways. As far as we can tell, the court didn't decide whether a hearing was needed. But after getting the court's dismissal notice, Peterson requested either a hearing or that the court grant the name change without one.

We know that even a prison inmate has the right to file a name-change petition. *In re Petition of Clark*, 57 Kan. App. 2d 220, Syl. ¶ 2, 450 P.3d 830 (2019). And Kansas law doesn't require an especially strong reason for the request; it's enough if the petitioner gives some reasonable cause for the change. 57 Kan. App. 2d 220, Syl. ¶ 1; *In re Application to Change Name*, 10 Kan. App. 2d 625, 626-27, 706 P.2d 480 (1985).

The only reason the district court gave for dismissing Peterson's name-change petition was his failure to move the case along quickly enough. Based on our analysis of the factors that should be considered in deciding whether to dismiss a case for that reason, along with Peterson's facially valid name-change request and his timely response to the court's notice of dismissal, we hold that the district court abused its discretion when it dismissed his petition.

The district court's judgment is reversed, and the case is remanded for further proceedings.