No. 60,280

STATE OF KANSAS, *Appellee*, v. JAMES J. SHEHAN, *Appellant*.

(744 P.2d 824)

Opinion filed October 30, 1987.

*Brad L. Keil*, assistant appellate defender, argued the cause, and *Benjamin C. Wood*, chief appellate defender, was with him on the brief for appellant.

*Paul J. Morrison*, assistant district attorney, argued the cause, and *Robert T. Stephan*, attorney general, and *Dennis W. Moore*, district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: James J. Shehan appeals his convictions by a jury of one count of first-degree murder (K.S.A. 21-3401) and one count of aggravated burglary (K.S.A. 21-3716). We affirm the district court.

The principal issue on appeal is whether the district court committed reversible error in refusing to give a requested jury instruction on voluntary intoxication as set forth in PIK Crim. 2d 54.12. The facts will be stated only briefly as the details surrounding the heinous crimes are not necessary to determine the issues on appeal.

The body of Bernice Lawler, an elderly widow, was found on the morning of May 31, 1986, in her home in Overland Park. She had been brutally beaten to death and possibly raped. James J. Shehan and Christopher Chambers, a codefendant, were employees of a lawn service that regularly took care of Mrs. Lawler's lawn. They had been at her house on May 30, 1986, working on her yard, and subsequently they were charged with the murder of Mrs. Lawler. The murder took place sometime between 5:15 p.m. on May 30, when the victim was last seen alive, and 10:15 a.m. the next morning, when neighbors discovered the body. Shehan and Chambers were given separate trials. There was considerable evidence linking appellant to the crimes. Appellant has contended from the outset that he had no knowledge of, and had nothing to do with, the death of Mrs. Lawler. He testified he and Chambers spent the entire night together drinking and fishing, and that they were not even in Johnson County the night the murder was committed.

The first point on appeal is that the trial court committed reversible error in not giving a requested instruction on voluntary intoxication pursuant to K.S.A. 21-3208(2). Shehan testified at trial that during the evening and nighttime hours of May 30 and early morning of May 31 he and Chambers had consumed

substantial amounts of beer and whiskey and had shared two or three joints of marijuana, and that appellant had one "hit" of LSD. However, he also testified that he remembered everything that happened that night, describing their activities in minute detail, that he had nothing to do with the death of Mrs. Lawler, and that he was not in the area of her home that night. On cross-examination of the defendant the following exchange occurred:

"Q. (By Mr. Morrison) Mr. Shehan —
"A. Yes, sir.
"Q. —you're relying on the defense of voluntary intoxication, is that correct?
"A. I'm not relying on any defense, except the fact that I didn't do it.
"Q. Well, so isn't what you're telling us that you didn't do it and if they, you know, and aside from that you're too drunk to remember, right? They don't buy that?
"A. I remember everything that happened that night."

At no time did the defendant ever contend that he was intoxicated, that he couldn't remember what happened, or that he might have been confused about his activities and whereabouts on the night of the murder.

Appellant was charged with first-degree murder under both the theory of premeditated murder and the felony-murder rule, with the underlying felony to support the latter theory being aggravated burglary. It was asserted before the trial court, and is asserted here, that as both premeditated murder and aggravated burglary are specific intent crimes, appellant was entitled to have the jury instructed on voluntary intoxication. K.S.A. 21-3208(2) provides:

"(2) An act committed while in a state of voluntary intoxication is not less criminal by reason thereof, but when a particular intent or other state of mind is a necessary element to constitute a particular crime, the fact of intoxication may be taken into consideration in determining such intent or state of mind."

Appellant argues that even though he presented no evidence he was intoxicated and even though he denied any connection with the crimes, he was entitled to the requested instruction solely because he testified he and Chambers had ingested a substantial amount of liquor and drugs. The trial judge in denying the instruction stated:

"The motion to include the voluntary intoxication instruction on the part of the

defense is considered and the same is denied. The Court's view on that subject is that it would be an appropriate instruction under any circumstances in which the defendant admitted and there was before the jury evidence that the defendant was at the time and at the location where the crime is alleged to have occurred.

"In the instant case, number one, the defendant has testified that although he had consumed substantial quantities of beer, some bourbon, if I recall the testimony correctly, and I believe a couple of marijuana cigarettes, and a hit of LSD, the defendant's testimony is that at all times during the night of May 30th and the early morning hours of May 31st, that he knew where he was, what he was doing and that he was not at 6916 Woodson, Overland Park, Johnson County, Kansas. It's the Court's view that only if the defendant denied — I'm sorry, only if he admitted to being intoxicated and being on the premises that the consumption of alcohol would in any way, shape or form come into play.

. . . .

". . . [Y]ou've got to be present where the accident occurs or where the crime is committed for the issue of intoxication to be of any significance. My view is that the—being in the presence of the crime scene would be a necessary condition precedent, and that's the basis upon which the Court refuses the instruction."

Although the court was correct in denying the instruction, we are of the opinion that the basis for the refusal was erroneous. The general rule in Kansas is that the trial court has a duty to instruct the jury on the law applicable to the theories of both the prosecution and the defendant as long as they are supported by competent evidence. *State v. Farmer*, 212 Kan. 163, 165, 510 P.2d 180 (1973).

No Kansas case has been located which prohibits a defendant from asserting an alibi defense as well as offering evidence of voluntary intoxication to negate an element of the crime charged. To the contrary, it has long been recognized that ordinarily a defendant in a criminal case may present and rely upon inconsistent defenses. In *State v. Hunter*, 241 Kan. 629, Syl. ¶ 7, 740 P.2d 559 (1987), the court held that a defendant is not precluded from asserting compulsion as a defense even though he denies commission of the crime. The court cited the general rule that inconsistent defenses are generally permissible in criminal prosecutions. The general rule that intoxication may be asserted even when the defendant relies upon an alibi is stated in 5 Am. Jur. Proof of Facts 2d (1987 Supp.), p. 28, as:

"[T]he defendant may deny the commission of the offense and submit evidence, such as alibi evidence, in support of such denial, while at the same time

presenting evidence of intoxication sufficient to prevent the formation of the necessary intent."

See *People v. Hansma,* 84 Mich. App. 138, 269 N.W.2d 504 (1978); and *State v. Kills Small,* 269 N.W.2d 771 (S.D. 1978). We agree that a defendant in a criminal case may rely upon voluntary intoxication to show a lack of specific intent even though he also relies upon other defenses which may be inconsistent therewith.

We conclude the trial court was in error in refusing the requested instruction on the basis that Shehan relied on the defense of alibi and contended he had nothing to do with the crime. However, where the trial court reaches the correct result based upon the wrong reason, this court will affirm the trial court. *State v. Durst,* 235 Kan. 62, 69, 678 P.2d 1126 (1984). Thus, even though the court erred in the basis for its ruling, if there was not sufficient evidence to submit the issue of intoxication to the jury, no instruction was required and there would be no reversible error.

The degree of proof necessary in Kansas to establish a submissible issue of voluntary intoxication was considered in the recent case of *State v. Keeler,* 238 Kan. 356, 710 P.2d 1279 (1985). The court stated:

"Where the crime charged requires a specific intent, voluntary intoxication may be a defense and an instruction thereon is required where there is evidence to support that defense. *State v. Sterling,* 235 Kan. 526, Syl. ¶ 2, 680 P.2d 301 (1984). *The defendant has the burden of showing that he was so intoxicated that he was robbed of his mental faculties,* and whether he was drunk to such extent is a question for the trier of the facts to decide, under proper instructions. 21 Am. Jur. 2d, Criminal Law § 155; *State v. Falke,* 237 Kan. 668, 703 P.2d 1362 (1985)." 238 Kan. at 360. (Emphasis added.)

In *State v. Payton,* 229 Kan. 106, 622 P.2d 651 (1981), the defendant argued on appeal that his requested instruction on voluntary intoxication was erroneously denied. This court reviewed the record for evidence of defendant's intoxication to determine the propriety of the trial court's ruling that the evidence was insufficient to warrant submission of the issue to the jury. The court concluded, "The evidence did not show the appellant was intoxicated to the extent that his ability to form the requisite intent was impaired." 229 Kan. at 114.

There must be some evidence of intoxication upon which a jury might find that a defendant's mental faculties were impaired

to the extent that he was incapable of forming the necessary specific intent to commit the crime. Here, although Shehan testified he and Chambers together disposed of a substantial quantity of liquor and drugs, there was no evidence that, as a result thereof, appellant was intoxicated or that his mental faculties were impaired. To the contrary, the evidence presented by the appellant, when viewed in the light most favorable to him, negates a showing of intoxication. We have carefully considered the authorities relied upon by appellant and find them readily distinguishable from this case. We hold that under the facts of this case there was not sufficient evidence to require the giving of the requested instruction and, therefore, no reversible error occurred.

Next, the appellant asserts that it was error for the court not to give instructions on the lesser included offenses of voluntary manslaughter and involuntary manslaughter even though they were not requested at trial. The court is under a duty to give instructions on a lesser included offense pursuant to K.S.A. 1986 Supp. 21-3107(3) only when there is evidence under which the defendant might reasonably be convicted of the lesser offense. *State v. Pearson*, 234 Kan. 906, Syl. ¶ 6, 678 P.2d 605 (1984). We have carefully reviewed the record and fail to find evidence which would require the court to give instructions on the lesser included offenses of manslaughter.

Finally, appellant contends it was error for the court to admit in evidence two allegedly gruesome photographs of the victim and a videotape of the crime scene. In *State v. Yarrington*, 238 Kan. 141, 708 P.2d 524 (1985), we held:

"The admissibility of photographic evidence lies within the discretion of the trial court, and its decision to admit such photographs must be accepted on appellate review absent a showing of an abuse of discretion." Syl. ¶ 3.

"The law is well settled in this state that in a crime of violence which results in death, photographs which serve to illustrate the nature and extent of the wounds inflicted are admissible when they corroborate the testimony of witnesses or are relevant to the testimony of a pathologist as to the cause of death, even though they may appear gruesome. Following *State v. Pearson*, 234 Kan. 906, Syl. ¶ 5, 678 P.2d 605 (1984)." Syl. ¶ 4.

A review of the record in this case discloses no abuse of discretion in the admission of the photographs or videotape.

The judgment is affirmed.