No. 61,854

The City of Derby, *Appellant,* v. Richard L. Lackey, *Appellee.*

(763 P.2d 614)

Opinion filed October 28, 1988.

*Randy Elam,* of Ratner, Mattox, Ratner, Kinch & Brimer, P.A., of Wichita, argued the cause, and *Bruce A. Swenson,* of the same firm, was on the brief for appellant.

*Geary N. Gorup,* of Moore & Rapp, P.A., of Wichita, argued the cause, and *Leslie F. Hulnick,* of Law Offices of Leslie F. Hulnick, of Wichita, was with him on the brief for appellee.

The opinion of the court was delivered by

Six, J.: This is a misdemeanor speedy trial case which originated in the municipal court. The City of Derby appeals the district court's dismissal of the offense of driving under the influence of alcohol filed against the defendant Richard Lackey in municipal court. The initial dismissal in the municipal court was based on failure of the City to provide a speedy trial.

The City appealed the municipal court dismissal to the district court.

The single issue for this court is: Did the district court err in determining that Lackey's speedy trial rights were violated?

In our view the trial court was in error; consequently, we reverse.

The appeal is based on the following stipulated facts:

"1. The defendant [Lackey] was issued the DUI citation on the 5th day of February, 1987.

"2. The defendant has filed first appearance before the Court on 18th day of February, 1987, at which time the Court continued the case to 25th day of February, 1987 for the defendant to obtain an attorney.

"3. Mr. Hulnick entered and on the 25th day of February, 1987 the case was set for trial on 15th day of April, 1987.

"4. The case was continued for trial on 15th day of April 1987 until 13th day of May, 1987 (not at the request of the defendant).

"5. On 13th day of May, 1987 the trial judge dismissed the case.

"6. On the 21st day of May, 1987 the case was refiled. The defendant's first appearance was on the 17th day of June, 1987. The case was set for trial on the 19th day of August, 1987.

"7. The case was continued for trial on the 19th day of August, 1987 until the 11th day of September, 1987, at the request of the defendant.

"8. On the 11th day of September, 1987, the trial Court again dismissed the case for LOP [lack of prosecution] at the request of the City.

"9. The case was again refiled on the 10th day of October, 1987, the first appearance was set on the 14th day of October, 1987. The case was then set for trial on 21st day of October, 1987.

"10. On the 21st day of October, 1987 the case was again dismissed by the Court. This time for failure of the defendant to receive a speedy trial as provided by K.S.A. 22-3402."

The trial court ruled that the *entire* time period from February 25, 1987, to August 19, 1987, was chargeable to the City, together with the time from September 11, 1987, to October 21, 1987. The trial court found the two periods totaled 217 days. No deduction was made for the time lapse between each discharge and refiling and between refiling and first appearance. The time from August 19 to September 11, a continuance requested by Lackey, was held as chargeable to Lackey.

Lackey was not incarcerated at any time; thus, the parties agree that the State has 180 days to try Lackey. K.S.A. 22-3402(2). They disagree on which dates are to be included in that time period.

The trial court, in computing the days remaining for a speedy trial, included *all* the days between dismissal and refiling and between refiling and the first appearance. The speedy trial statute applies to both misdemeanors and felonies. *State v. Ransom*, 234 Kan. 322, 673 P.2d 1101 (1983), *cert. denied* 469 U.S. 818 (1984); *State v. Taylor*, 3 Kan. App. 2d 316, 594 P.2d 262 (1979); Annot., *Application of Speedy Trial Statute to Dismissal or Other Termination of Prior Indictment or Information and Bringing of New Indictment or Information*, 39 A.L.R.4th 899. Since a preliminary hearing is not required in misdemeanor cases, it is generally at the first appearance that a misdemeanor defendant is arraigned. *State v. Taylor*, 3 Kan. App. 2d at 320. This is true provided the requirements for an arraignment (K.S.A. 22-3205) are met at the first appearance. 3 Kan. App. 2d at 320. Under the *Ransom* rule, in a misdemeanor case, only the

time periods between the first appearance and dismissal and between first appearance and trial are to be included.

"Where the State dismisses a pending criminal case without making a showing· of necessity, and then files a second case charging the same defendant with the same offense, a court must include the time elapsed *between arraignment and dismissal* of the first prosecution together with the time elapsed *between arraignment and trial* of the second prosecution, when calculating time for the purpose of applying K.S.A. 22-3402, the Kansas speedy trial statute." (Emphasis added.) *State v. Ransom*, 234 Kan. 322, Syl. ¶ 1.

The City states in its brief that there were three separate arraignments.

When a misdemeanor case has been dismissed and the charges refiled, the time between the dismissal and a subsequent K.S.A. 22-3205 first appearance is to be disregarded in determining whether the time periods mandated by the speedy trial statute, K.S.A. 22-3402, have elapsed.

Under the *Ransom* rule, the only time periods which can be aggregated are:

February 25 to May 13 - Although Lackey made his first appearance on February 18, the Court continued the case to February 25 for Lackey to obtain an attorney. Lackey does not contend that this seven-day period is to be charged against the City.
Days used: 77
June 17 to August 19 - (Lackey received a continuance, at his request, until September 11.) The August 19 to September 11 period is not chargeable to the State under K.S.A. 22-3402(2). On September 11, the charge was again dismissed.
Days used: 63
October 14 to October 21 - The action was dismissed on October 21 for a third time.
Days used: 7

The total number of days used (77+63+7) equals 147.
The speedy trial clock has not yet run.

Reversed.