(783 P.2d 1313)

No. 63,267

JOHN S. LOWE, *Appellant*, v. STATE OF KANSAS, *Appellee*.

—

Opinion filed December 15, 1989.

*Robert L. Morse*, of Olathe, for appellant.

*Michael Grosko*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before DAVIS, P.J., REES and ELLIOTT, JJ.

REES, J.: John S. Lowe appeals from the denial of his K.S.A. 60-1507 motion attacking his conviction for aggravated battery (K.S.A. 21-3414). In denying Lowe's 1507 motion, the district court relied on authority from other jurisdictions and determined that a defense based on the statute of limitations is not jurisdictional and can be waived if it was not raised at trial. This conclusion is a question of law subject to unlimited appellate review. *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

Lowe contends that, although he pleaded nolo contendere to aggravated battery, his conviction must be vacated due to the State's failure to prosecute the case within the statute of limitations. K.S.A. 21-3106. Lowe relies on *State v. Washington*, 12 Kan. App. 2d 634, 752 P.2d 1084, *rev. denied* 243 Kan. 782 (1988), to support his contention. In *Washington*, this court considered K.S.A. 21-3106 and the effect of the State's failure to commence prosecution within two years after the crime was committed. We held that "if the delay in executing a warrant is unreasonable, such delay shall be included in computing the period within which a prosecution must be commenced." 12 Kan.

App. 2d at 637. Importantly, in *Washington*, the defendant raised the defense of the statute of limitations at trial. 12 Kan. App. 2d at 635. Therefore, the issue whether the statute of limitations is an affirmative defense waived by a nolo contendere plea was not specifically addressed.

In Kansas, the failure to raise the statute of limitations as a defense in a civil case constitutes waiver. K.S.A. 60-208(c). The Kansas Criminal Code does not specifically state whether the statute of limitations is jurisdictional or whether the failure to raise the defense in the trial court constitutes waiver.

K.S.A. 21-3106 provides in presently pertinent part:

"(3) Except as provided by subsection (4), a prosecution . . . must be commenced within two years after [the crime] is committed.

"(4) The period within which a prosecution must be commenced shall not include any period in which:

"(a) The accused is absent from the state; [or]

"(b) the accused is concealed within the state so that process cannot be served upon the accused;

. . . .

"(5) An offense is committed . . . when every element occurs . . . . Time starts to run on the day after the offense is committed.

"(6) A prosecution is commenced when a complaint or information is filed, or an indictment returned, and a warrant thereon is delivered to the sheriff or other officer for execution. No such prosecution shall be deemed to have been commenced if the warrant so issued is not executed without unreasonable delay."

Our Supreme Court considered whether the statute of limitations in criminal cases must be raised as an affirmative defense in *In re Johnson, Petitioner*, 117 Kan. 136, 230 Pac. 67 (1924). Although neither of the parties cite this case, we find it dispositive on the issue at hand. *Johnson* is factually similar to the case at bar. In *Johnson*, the defendant pleaded guilty to a charge of embezzlement. The defendant sought habeas corpus relief on the ground that his conviction was barred by the statute of limitations. The defendant argued that there had been a two-year delay between the time the warrant was issued and the time of his arrest, although he had been within the state during most of that time confined in the Kansas penitentiary.

The Supreme Court denied Johnson habeas corpus relief.

"The pleas of the statute of limitations and of former jeopardy in criminal actions are closely analogous and are governed by the same principles of law. Both are defenses, and they are defenses of the same general character. . . .

. . . .

". . . The conclusion to be drawn . . . is that a defense in a criminal prosecution must be presented to the court on the trial of the case, and if error is committed therein the matter must be presented . . . on [direct] appeal and cannot be raised . . . by habeas corpus." *Johnson*, 117 Kan. at 137.

The Court concluded that "the defense of the statute of limitations should have been presented to the trial court before the plea of guilty was entered." *Johnson*, 117 Kan. at 138.

K.S.A. 22-3208(4) in pertinent part provides:

"A plea of guilty or a consent to trial upon a complaint, information or indictment shall constitute a waiver of defenses and objections based upon the institution of the prosecution or defects in the complaint, information or indictment other than it fails to show jurisdiction in the court or to charge a crime."

"While a plea of *nolo contendere*, unlike a plea of guilty, may not be used as an admission in any other action based on the same act, for all other purposes a conviction based on a plea of *nolo contendere* is just like any other conviction." *State v. Buggs*, 219 Kan. 203, Syl. ¶ 5, 547 P.2d 720 (1976).

Lowe argues that, because the Kansas criminal statute of limitations is similar to statutes of limitations in other jurisdictions, we should look to them for guidance in determining legislative intent. For example, Lowe contends that Kansas and Pennsylvania have similar statutes of limitations in criminal cases. Assuming that this is an accurate characterization, it hardly advances his argument. In *Com. v. Darush*, 279 Pa. Super. 140, 420 A.2d 1071 (1980), the Superior Court held that the defense of the statute of limitations is waived unless timely asserted as an affirmative defense. See Pa. R. Crim. Proc. 306, 307 (1989).

We conclude the statute of limitations in a criminal case is an affirmative defense which can be waived by the knowing, voluntary, and intelligent acts of the defendant. This rule is in accord with K.S.A. 21-3106 and with Kansas case law. Other jurisdictions are in agreement with Kansas and hold that the statute of limitations is nonjurisdictional and can be waived. See *United States*

*v. Karlin,* 785 F.2d 90, 92-93 (3d Cir. 1986), *cert. denied* 480 U.S. 907 (1987); *State v. Johnson,* 422 N.W.2d 14, 16 (Minn. App. 1988).

Applying this rule to the facts of this case, we find Lowe waived the defense by his nolo contendere plea. The trial court's denial of relief in this K.S.A. 60-1507 proceeding was correct.

Affirmed.