No. 64,439

STATE OF KANSAS, *Appellant,* v. HOWARD D. JAMISON, *Appellee.*

(806 P.2d 972)

Opinion filed March 1, 1991.

*Debra Byrd Wagner,* assistant district attorney, argued the cause and *Robert T. Stephan,* attorney general, and *Nola Foulston,* district attorney, were with her on the brief for appellant.

*Frank J. Kamas,* of Render, Kamas & Hammond, of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: This is a direct appeal by the State pursuant to K.S.A. 22-3602(b)(1) from an order of the district court dismissing an information and complaint filed against Howard D. Jamison

for violation of his constitutional and statutory rights to a speedy trial.

The facts are not in dispute. On April 1, 1987, Jamison was arrested and issued an unverified traffic citation charging him with driving while under the influence of intoxicating liquor or drugs, K.S.A. 1987 Supp. 8-1567(a)(1); driving while privileges suspended, canceled, or revoked, K.S.A. 1987 Supp. 8-262; failure to have all tail lamps operable, K.S.A. 8-1706; and speeding, K.S.A. 8-1336. Jamison was released after posting bond. The next day, April 2, Jamison's attorney made his first entry of appearance and Jamison pled not guilty to the charges. A bench trial was set for May 27.

On May 22, Jamison entered a demand for jury trial, and the case was scheduled for hearing June 22. Subsequently, the case was twice continued at the court's request until August 12. On August 12, 1987, the State voluntarily dismissed the charges against Jamison based upon the Court of Appeals' ruling in *State v. Fraker*, 12 Kan. App. 2d 259, 739 P.2d 940 (1987). In *Fraker*, the Court of Appeals ruled that the State's failure to file a verified complaint or information charging a defendant with driving while under the influence of drugs or alcohol, K.S.A. 8-1567, violated the mandates of K.S.A. 8-2106. Thus, the court determined the district court lacked jurisdiction over the offense and the defendant's conviction was vacated. 12 Kan. App. 2d at 261.

Ten months later, on June 21, 1988, the State refiled a verified complaint against Jamison charging him with the identical offenses alleged in the first case. The same day a summons and complaint were issued for Jamison's appearance on July 13, but were returned with a note that he no longer resided at the address stated. Subsequently, Jamison failed to appear on July 13 and a bench warrant was issued for his arrest. He was arrested nearly a year later on August 18, 1989.

On August 21, 1989, Jamison was arraigned and entered a plea of not guilty; trial was set for September 8. On September 7, Jamison was granted a continuance until October 13.

Prior to trial, Jamison entered an oral motion to dismiss for lack of speedy trial. He argued his constitutional and statutory rights to a speedy trial had been violated. The district court

determined the statutory time limit of K.S.A. 22-3402(2) had run and dismissed the charges. This appeal by the State followed.

The State first contends the district court erred in dismissing the charges against Jamison for failure to provide a speedy trial. The State argues the dismissal on August 12, 1987, was necessary and, therefore, the time for a speedy trial did not begin to run until Jamison's second arraignment on August 21, 1989.

In this instance, K.S.A. 22-3402(2) governs the period of time for a speedy trial. The statute provides:

"If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within one hundred eighty (180) days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3)."

The purpose of K.S.A. 22-3402(2) is to implement and define the constitutional guarantee of a speedy trial and the maximum time limits within which a defendant must be brought to trial. *State v. McQuillen*, 236 Kan. 161, 163, 689 P.2d 822 (1984).

The rules for computing the time for a speedy trial are well established. The statutory time period for a speedy trial commences on the date of arraignment. *City of Derby v. Lackey*, 243 Kan. 744, 745, 763 P.2d 614 (1988). Delays which are the result of the application or the fault of the defendant are not counted in computing the statutory period. *State v. Warren*, 224 Kan. 454, 456, 580 P.2d 1336 (1978). In addition, the State cannot avoid the time limitations of K.S.A. 22-3402(2) by dismissing an action and then refiling the identical charges against the same defendant, absent a showing of necessity. *State v. Cuezze, Houston & Faltico*, 225 Kan. 274, 278, 589 P.2d 626 (1979). Thus, under the rule of *Cuezze*, the time charged to the State in the first action is added to the time charged in the second action if the State fails to make a showing of necessity. However, if the first case is dismissed with a showing of necessity, computation of the statutory period commences anew upon arraignment in the refiled second case. *State v. Ransom*, 234 Kan. 322, 325, 673 P.2d 1101 (1983), *cert. denied* 469 U.S. 818 (1984).

Thus, the issue we must consider is whether the State made a showing of necessity at the time of dismissal. The State argues

the Court of Appeals' holding in *State v. Fraker*, 12 Kan. App. 2d 259, required dismissal because the district court no longer had jurisdiction over the unverified intoxicated driving and suspended licenses charges, K.S.A. 8-1567 and 8-262. Jamison asserts the State unnecessarily dismissed the charges because it could have sought a continuance pending the review of *Fraker* by this court, or, in the alternative, the State could have cured the error by amending the complaint within the 180-day time period.

In *Cuezze*, the State dismissed conspiracy charges against the defendants in order to investigate and obtain information sufficient to charge a third conspirator. We found the State's failure to seek a continuance under K.S.A. 22-3402(3)(c) was fatal to its claim of necessity. 225 Kan. at 275-79. The same conclusion was reached in *State v. Hunt*, 8 Kan. App. 2d 162, 166-67, 651 P.2d 967 (1982), wherein the State voluntarily dismissed an action against the defendant because a witness could not be located.

In contrast, in *State v. Ransom*, 234 Kan. at 325-27, we found the State succeeded in showing necessity for dismissal where the district court denied a request for continuance by the State due to difficulty in obtaining the presence of principal subpoenaed witnesses at the trial date. In *State v. Haislip*, 234 Kan. 329, 335, 673 P.2d 1094 (1983), we held that a request for continuance was not required to establish necessity where such request would not accomplish the desired goal of trying two defendants together.

*State v. Fraker*, 12 Kan. App. 2d 259, filed July 9, 1987, held that the State's failure to file a verified complaint or information charging the defendant with violation of K.S.A. 1985 Supp. 8-1567 (driving while under the influence of drugs or alcohol) violated K.S.A 1985 Supp. 8-2106, and, therefore, rendered the district court without jurisdiction over the offense. 12 Kan. App. 2d at 261. Upon petition for review, we concurred in the Court of Appeals' determination that the DUI action was not properly commenced without a verified complaint. *State v. Fraker*, 242 Kan. 466, 467, 748 P.2d 868 (1988). This court, however, modified the earlier ruling by holding that the nonverification defect is not jurisdictional and may be waived where the defendant proceeds to trial without objecting to the defect. 242 Kan. at 468.

The Court of Appeals decision in *Fraker* was filed on July 9, 1987. This case was pending at that time. The State recognized

that its unverified complaint against Jamison was defective under *Fraker,* leaving the district court without jurisdiction. Our decision reversing the Court of Appeals' holding on jurisdiction in unverified complaint cases was not filed until January 15, 1988. Jamison's statutory speedy trial timeclock under the first complaint would have expired at the latest on November 7, 1987. Thus, the State was on the horns of a dilemma. If the district court lacked jurisdiction it could not grant the State the needed permission (K.S.A. 22-3201[4]) to amend its complaint. From its perspective on August 21, 1987, relying on the Court of Appeals' *Fraker* opinion, the district court clearly did not have jurisdiction. This left the State with the option of trying to obtain a continuance and await the outcome of the *Fraker* petition for review or recognizing the defectiveness of its complaint and dismissing with the intention of refiling after the issue was resolved. It chose the latter course of action, realizing the statutory speedy trial limitation would likely expire before we had the issue determined if we accepted review. From the State's viewpoint on August 21, 1987, its choice of options was correct. We hold the State's dismissal and refiling of this action necessary.

The district court found the State's action was not an attempt to manipulate the speedy trial requirements.

Having found the State's dismissal was prompted by necessity, and not an attempt to manipulate the speedy trial requirements, computation of time under the speedy trial statute did not commence until August 21, 1989, when Jamison was arraigned the second time. Fifty-three days passed between the time of Jamison's second arraignment and the district court's dismissal of charges, of which 36 were chargeable to Jamison. Clearly, the statutory period of time for a speedy trial had not expired at the time of dismissal and we find the district court erred in dismissing the charges against Jamison.

Next, we consider Jamison's argument that his constitutional right to a speedy trial was violated. The Sixth Amendment to the United States Constitution and Section 10 of the Kansas Constitution Bill of Rights guarantee the accused in a criminal prosecution a speedy trial. The test to determine whether an accused has been afforded a speedy trial was set forth in *Barker v. Wingo,* 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972).

*Barker* identified four factors to be considered when a claim of unconstitutional denial of a speedy trial is asserted: the length of the delay, the reason for delay, the defendant's assertion of the right, and prejudice to the defendant. 407 U.S. at 530. Kansas adopted the *Barker* four-point test in *State v. Otero,* 210 Kan. 530, 532-33, 502 P.2d 763 (1972).

The length of the delay in the present case, from the time of Jamison's original arrest April 1, 1987, until actual dismissal of the charges on October 13, 1989, was two years and six months. This court has recognized much longer delays that are within the constitutional guarantee of a speedy trial and, therefore, we find no prejudice in the case at hand. *State v. Rosine,* 233 Kan. 663, 667-68, 664 P.2d 852 (1983); *State v. Wilson,* 227 Kan. 619, 608 P.2d 1344 (1980); *State v. Hemminger,* 210 Kan. 587, 502 P.2d 791 (1972).

Jamison contends the State's reliance on the Court of Appeals' decision in *State v. Fraker* is not a justification for the two and one-half year delay because the State waited nearly a year after the decision before refiling the charges. The State's position is that it filed the charges within the statute of limitations and any delay was caused by the district attorney's heavy workload. Overcrowded courts is a credible reason for delay which this court must consider. *Barker v. Wingo,* 407 U.S. at 531.

Jamison's assertion of his right, the third factor, is also considered. Prior to his second arrest on August 12, 1989, there was no need for Jamison to assert his speedy trial right. Following arrest, Jamison sought and obtained a continuance; however, within 56 days of arrest he asserted his right to a speedy trial.

Finally, Jamison argues he was prejudiced by the delay because the passage of time prevented eligibility for diversion and caused him to incur increased attorney fees. The State argues, without explanation, that Jamison's loss of eligibility for diversion during the second prosecution was the result of his own intervening act and not the passage of time. Considering all factors, we conclude there was no constitutional violation of Jamison's right to a speedy trial.

In the dissent it is argued that the statute of limitations had run under K.S.A. 21-3106 because the State waited from August 12, 1987, to June 21, 1988, to refile its complaint and Jamison

was not arrested until August 18, 1989. Admittedly, the arrest occurred more than two years after the offense was committed, but the controlling language in K.S.A. 21-3106(3) is that a "prosecution . . . must be commenced within two (2) years." K.S.A. 21-3106(6) provides that a prosecution is commenced when a complaint is filed and a warrant is delivered to the sheriff.

Here, the prosecution was commenced well within the two-year period but arrest was delayed because Jamison had moved. This presents a question of fact as to whether the delay in execution of the warrant was reasonable. This issue was not raised, either before the trial court or here. The briefs and arguments addressed only speedy trial. It would be bad practice and the abandonment of our role as an appellate court for us to raise such a new issue sua sponte. In effect, we would be practicing law.

Since the statute of limitations is an affirmative defense which must be pled and proved and is linked to the question of fact as to the reasonableness of the delay in executing the arrest warrant, we are not in a position to hold the district court right for the wrong reason.

The judgment of the district court is reversed, and this case is remanded for further proceedings.

HOLMES, J., not participating.

LOCKETT, J., dissenting: I respectfully dissent from the majority's decision to overrule the district court's dismissal of the complaint against the defendant for lack of speedy trial. The majority mistakenly determines that under the rationale of *State v. Fraker*, 12 Kan. App. 2d 259, 739 P.2d 940 (1987), the State was required to dismiss the unverified complaint because the district court had not acquired jurisdiction over the offense.

It is important to note the dates and decisions that control.

April 1, 1987    Defendant arrested for DUI.

April 2, 1987    Defendant arraigned on the unverified complaint.

July 9, 1987    *Fraker* decision filed by Court of Appeals— Prosecution for driving under the influence of alcohol can only be commenced by filing a verified complaint or information. Fraker's conviction based on an unverified complaint was set aside because the district court lacked jurisdiction.

August 12, 1987   Based on *Fraker*, just prior to the commencement of Jamison's jury trial, the State dismissed the complaint against the defendant.

January 15, 1988   *State v. Fraker*, 242 Kan. 466, 748 P.2d 868 (1988), which modifies the Court of Appeals' decision of *Fraker* was filed. We determined that a prosecution for DUI should be commenced by the filing of a verified complaint or information. However, lack of verification of a complaint does not oust the court of jurisdiction, but is a defect which may be waived by the defendant.

June 21, 1988   More than 6 months after our decision in *Fraker*, almost 1 year after the State dismissed the complaint, and more than 14 months since the original unverified complaint was filed, the State filed a verified complaint charging the defendant with DUI on April 1, 1987.

August 18, 1989   Approximately 13 months after the verified complaint was filed, the defendant was arrested for DUI. The defendant's arrest was 19 months after our decision in *Fraker*, 2 years and 1 month from the dismissal of the original complaint, and 2 years and 5 months since his first arraignment.

The State, in dismissing and refiling identical charges in a criminal action, may avoid the statutory speedy trial limitation only if there is an adequate showing of necessity and there is no evidence the State is attempting to manipulate the speedy trial requirement. The State may dismiss and refile charges without moving for a continuance pursuant to K.S.A. 22-3402(3) if the continuance would not accomplish the State's goal. *State v. Haislip*, 234 Kan. 329, Syl. ¶ 2, 673 P.2d 1094 (1983).

During the hearing on Jamison's motion to dismiss for lack of prosecution, the district court noted that, rather than dismissing the case on August 12, 1987, by following the rationale of *Haislip*, the State could have requested and received a continuance to file a verified complaint or it could have amended the complaint

and proceeded to trial. Instead, it chose neither of the two paths available and dismissed the complaint.

I disagree with the majority's statement that the district court did not have jurisdiction to allow the State to amend the complaint. In *Topeka v. Durein*, 78 Kan. 661, 663, 97 Pac. 967 (1908), we determined that when the complaint is defective it is not necessary to issue a new warrant which would serve no function except to bring the defendant before the court which already had jurisdiction of his person by virtue of a recognizance bond. Here, the district court correctly observed that, since the court had jurisdiction of Jamison, the State could have simply amended the complaint.

In addition, the majority fails to recognize that under the rationale of *Haislip*, the State is required to file a verified complaint within a reasonable time after it dismissed the unverified complaint and is prepared to go to trial. After it dismissed the complaint, the State waited more than 10 months to prepare and file the verified complaint. The district court properly determined that more than 180 days had elapsed between the dismissal of the original complaint and the filing of the verified complaint. Under such circumstances the prosecution is barred by K.S.A. 22-3402(2).

The majority also fails to recognize that trial courts have the inherent discretionary power to dismiss a case because of the State's failure to prosecute with due diligence and when the circumstances warrant dismissal. This drastic power must be exercised with the utmost care. In *City of Overland Park v. Pavelcik*, 248 Kan. 444, 806 P.2d 969 (1991), several defendants, each of whom had been found guilty in separate cases in the municipal court, filed their appeals to the district court with the clerk of the municipal court. When the defendants appeared for arraignment in the district court, the municipal court clerk had not yet filed the defendants' appeals in the district court. The district court found it did not have jurisdiction over the defendants and dismissed the cases at the City's cost. The City appealed. We reversed the district court, finding that even though the clerk filed the appeals subsequent to the date the bonds required the defendants to appear the appeals had been perfected. We ob-

served that the district court may have felt frustration because the municipal court was not processing appeals with diligence and care, but then determined that the record on appeal failed to set forth the historical background sufficient to support the court's extraordinary remedy of dismissal.

In this case, the historical background needed to sustain the district court's dismissal of the charges against Jamison is not lacking. The district court sets out a clear record of the prosecutor's delay in refiling the complaint. Under the facts, the district court did not abuse its discretion by dismissing the case against the defendant with prejudice.

In his motion to dismiss, the defendant claimed that his statutory right to a speedy trial under K.S.A. 22-3402(2) had been violated. In addition to more than 180 days having expired from the time Jamison was first arraigned and his jury trial finally set in September 1989, more than two years had expired since the crime was committed. At the time the defendant was arrested for DUI, K.S.A. 21-3106 provided:

"(3) Except as provided by subsection (4), a prosecution for any other crime must be commenced within two years after it is committed.

. . . .

"(5) . . . . Time starts to run on the day after the offense is committed.

"(6) A prosecution is commenced when a complaint or information is filed, or an indictment returned, and a warrant thereon is delivered to the sheriff or other officer for execution. *No such prosecution shall be deemed to have been commenced if the warrant so issued is not executed without unreasonable delay.*" (Emphasis added.)

The statute of limitations in a criminal case is an affirmative defense which can be waived by the knowing, voluntary, and intelligent act of the defendant. *Lowe v. State*, 14 Kan. App. 2d 119, 783 P.2d 1313 (1989). In *Lowe*, the Court of Appeals determined that when a defendant enters a plea of nolo contendere he voluntarily waives any limitation that could be claimed under K.S.A. 21-3106.

Since Jamison has neither been tried nor waived any affirmative defense, is prosecution of Jamison barred under K.S.A. 21-3106(3)? In *State v. Washington*, 12 Kan. App. 2d 634, 752 P.2d 1084 (1988), the defendant fraudulently endorsed and cashed a welfare check on November 7, 1983. The complaint and the

warrant were issued on March 5, 1984. The warrant was served on the defendant on September 21, 1986, more than thirty months after the crime was committed. Under the facts of the case, the Court of Appeals determined that the delay in serving the warrant was not reasonable; therefore, since the prosecution had not been commenced within two years after the offense was committed, the prosecution was barred by K.S.A. 21-3106(3).

Our facts are similar to the facts in *Washington*. Here, the alleged offense occurred on April 1, 1987. The State filed its unverified complaint and Jamison was arraigned on April 2, 1987. On August 12, 1987, the day that the jury trial was scheduled to commence, the State dismissed the unverified complaint. At the time the State dismissed the complaint, the district court had jurisdiction of the defendant. The State could have (1) amended the complaint and proceeded to jury trial or (2) dismissed the unverified complaint and immediately filed a verified complaint. The State would have then had 180 days to bring Jamison to trial. The State took neither course. It dismissed the complaint and waited until June 21, 1988, approximately 10 months after dismissing the unverified complaint, to file the verified complaint. Jamison was not arrested until August 18, 1989, more than two years after the crime had been committed. Jamison is entitled to dismissal under K.S.A. 21-3106(3).

In his motion to dismiss, Jamison claimed that the prosecution is barred by the limitation imposed under K.S.A. 22-3402(2). The district court ruled in his favor. Does the fact that Jamison had an affirmative defense under K.S.A. 21-3106(3) but instead claimed the limitation set out in 22-3402(2) invalidate the district court's dismissal of the complaint as time barred? No, it does not. Because Jamison has not waived his right to the affirmative defense, until his case actually comes to trial he is entitled to claim that K.S.A. 21-3106(3) bars the State from proceeding. And, in addition, where the trial court reaches the correct result based on the wrong reason, this court will affirm the trial court. *State v. Shehan*, 242 Kan. 127, 131, 744 P.2d 824 (1987).

I would affirm the district court's dismissal of the complaint for all the reasons stated.

ALLEGRUCCI, J., joins the foregoing dissent.