No. 65,351

CITY OF OVERLAND PARK, *Appellant*, v. THOMAS M. PAVELCIK, JOHN W. FLETCHER III, CECIL D. STUDE, and SCOTT C. MARLO, *Appellees.*

(806 P.2d 969)

Opinion filed March 1, 1991.

*Steven A. Jensen,* assistant city attorney, argued the cause and was on the brief for appellant.

*David M. Jancich,* of Overland Park, argued the cause and was on the brief for appellee Pavelcik.

*David R. Gilman,* of Overland Park, argued the cause and was on the brief for appellees Fletcher, Stude, and Marlo.

The opinion of the court was delivered by

ABBOTT, J.: This is an appeal by the City of Overland Park (City). The defendants had each been found guilty of separate offenses in the Municipal Court of the City of Overland Park. They each appealed to the District Court of Johnson County, Kansas. The district court dismissed the appealed cases. The four cases are consolidated for appeal purposes.

The defendants filed a notice of appeal and posted bonds, which guaranteed "[t]hat said accused person shall personally appear before the District Court of Johnson County, Olathe, Kansas, on the 27 day of December, 1989, at 1:30 o'clock p.m." The defendants appeared in the district court on the designated time and date. The prosecution did not appear because the municipal court clerk had not filed any of the cases in district court.

The clerk filed the appeals in the district court on January 2, 1990. The city prosecutor apparently notified the defendants of their new court date (January 10, 1990) by mail.

On January 10, a hearing was held at which, appellant asserts, the defendants physically came to court, but the district court refused to call the case. The district court said that it was concerned that it had no jurisdiction over the defendants, stating:

"I don't know how I can make the defendants appear in this Court when they did appear when they were bonded out to appear, and how I can gain the jurisdiction over them, I don't know.

. . . .

". . . . I believe your Clerk [the city clerk] has been designated as a deputy clerk of the District Court for the purpose of accepting appeals. Your Clerk set the appearance date. We didn't set it. You set the date, told them to appear, and that was the date for their appearance. I really don't think that I can do anything other than place for the record what I have done here. The cases are before me, but I frankly do not believe that the Clerk of the Court has properly placed them before me to call today, because they are not bonded to appear in this Court today. . . . I am not formally calling the case because I don't believe they are before me."

Another hearing was held on March 27, 1990. The district court said the issue was whether it had jurisdiction over the defendants. The court noted that there is ambiguity in the statutory procedure for notifying defendants of the time for their appeal to be heard by district court. The court questioned how the defendants are

to be notified if they are not released on an appearance bond. The court said: "They [the defendants] appeared at the time they were bonded out to appear. There was no case here. Judge Anderson called the case and he could not do a thing with them because there was no case before the Court."

The district court concluded that it did not have jurisdiction over the defendants. It ultimately concluded that it did not have jurisdiction to hear even the City's motion to set the matter for trial.

The district court filed an Order of Dismissal on April 9, restating the oral findings it made on March 27. The court said that the bonds on which the defendants were released were appearance bonds and that the defendants had appeared. The court held that the City had failed to obtain jurisdiction over the defendants, but that possibly if the City had asked, on proper motion, for an order for the defendants to appear or for a subpoena, the City could have obtained jurisdiction. The court concluded, *"it has no jurisdiction over the person* of the defendants *and said cases are dismissed* at plaintiff's costs." (Emphasis supplied.)

The general grant of appellate jurisdiction for a district court over a municipal court is contained in K.S.A. 12-4602, which provides: "An appeal to the district court may be taken as provided in K.S.A. 22-3609. The appearance bond may continue in effect throughout the appeal; however, the municipal judge may require a separate appeal bond. Hearing and judgment on appeal shall be as provided in K.S.A. 22-3610 and 22-3611."

K.S.A. 22-3609(2) sets forth the general procedure for appeals from municipal court to district court:

"An appeal to the district court shall be taken by filing, in the district court of the county in which the municipal court is located, a notice of appeal and any appearance bond required by the municipal court. Municipal court clerks are hereby authorized to accept notices of appeal and appearance bonds . . . and shall forward such notices and bonds to the district court."

Subsection 3 of K.S.A. 22-3609 contains more specific directions as follows:

"The notice of appeal shall designate the judgment or part of the judgment appealed from. The defendant shall cause notice of the appeal to be served upon the city attorney prosecuting the case. The judge whose judgment is

appealed from or the clerk of the court, if there is one, shall certify the complaint and warrant to the district court of the county, *but failure to do so shall not affect the validity of the appeal.*" (Emphasis supplied.)

Under subsection (3), the municipal court must send the proper papers to the district court. This statute previously provided a 10-day time limit for the municipal court to do so. In *City of Garnett v. Zwiener*, 229 Kan. 507, 509, 625 P.2d 491 (1981), this court held that the time limit for the municipal court to certify the complaint is not jurisdictional. The court said:

"The law is clear that when the appellant has complied with the part of the appeal statute which requires him to take action, any subsequent procedural steps to be taken by some officer, such as a clerk or judge, are directory, not mandatory, and the review proceeding is not defeated by defects created by such officers."

The district court here seems to have also been saying that it could not call the case because the defendants had not been personally served with notice of some sort. Such service is unnecessary. K.S.A. 22-3610(a) provides: "When a case is appealed to the district court, such court shall hear and determine the cause of the original complaint, unless the complaint shall be found defective. . . . The case shall be tried de novo in the district court."

The municipal court obtained jurisdiction over the defendants originally. No statute requires additional service to the defendant. Local rules and inherent powers give the court jurisdiction and authority to set the appeal for trial and to schedule pretrial appearances.

In *City of Ogden v. Allen*, 208 Kan. 573, 493 P.2d 277 (1972), the district court dismissed an appeal (for double parking) from the police court of Ogden, Kansas. The appeal was dismissed because of a local court rule stating that an appeal from a municipal court was not perfected unless the defendant appeared in the district court on the first day of the next term of court following the filing of the appeal. The district court was of the opinion that the failure of the defendant to appear deprived the court of jurisdiction (because the appeal was not perfected) and that dismissal was, therefore, mandatory.

On appeal, this court held "there is nothing in the statutory language to indicate the subsequent appearance of the defendant

is necessary to perfect the appeal, and that without such appearance, the jurisdiction of the district court does not attach." 208 Kan. at 576. We then held the trial court erred in dismissing the appeal and in failing to reinstate the appeal.

In *Ottawa v. Johnson*, 73 Kan. 165, 84 Pac. 749 (1906), a defective appeal bond approved by the police court judge was held to confer jurisdiction on the district court.

In *Topeka v. Durein*, 78 Kan. 661, 663, 97 Pac. 967 (1908), this court held that when an appeal from police court is filed and the complaint is defective, it is not necessary to issue a new warrant, "which could have had no other function than to bring [defendant] before the court which already had complete jurisdiction of his person in virtue of a recognizance which had not spent its force."

Here, the appeal had been perfected. The trial court had jurisdiction over the persons of the defendants by virtue of the appeal bonds. It is obvious that the defendants were either in court personally or by counsel on January 10, 1990, but the record does not reflect their presence on that date because the district court refused to call the cases and note their appearances on the record. The district court could have arraigned the defendants on that date or scheduled further proceedings at a later date. Had the defendants not been present, either in person or by counsel, the district court could have caused notice to be served on the defendants, or their counsel, and set the arraignments for a later date. The district court erred in failing to do so and in failing to reinstate the appeals.

We do understand that the district court may have felt frustration because the municipal court was not processing appeals with diligence and care. We have previously said:

"In deciding this case, we do not intend to limit the rule stated by this court, that courts have the inherent power to dismiss a case because of failure to prosecute with due diligence, under circumstances which warrant dismissal (*City of Wichita v. Catino*, 175 Kan. 657, 265 P.2d 849), so as to permit courts to clear their dockets in order to save time and expense and expedite the court's business. (*City of Wichita v. Houchens*, 184 Kan. 297, 335 P.2d 1117.) However, as stated in *Reddington v. Rank*, 176 Kan. 484, 490, 271 P.2d 807, it is also highly important that drastic procedure in dismissing an action involving the rights of citizens be exercised with utmost care." 208 Kan. at 576.

To the above, we would add that the record should support the district court's action by setting forth the historical background that leads to the extraordinary remedy of dismissal.

Defendants have filed motions for attorney fees. They make no claim that the appeal is frivolous and generally cite Supreme Court Rule 7.07 (1990 Kan. Ct. R. Annot. 37). They cite no specific part of the rule and no case law supporting their request. The motions for attorney fees and costs are denied.

Reversed and remanded with instructions to reinstate the appeals.