(272 P.3d 618)
No. 104,729

CITY OF JUNCTION CITY, KANSAS, *Appellant*, v. MARY A. SOMRAK, *Appellee*.

Opinion filed January 27, 2012.

*Ralph J. DeZago*, city prosecutor, for appellant.

*Dan E. Turner* and *Phillip L. Turner*, of Topeka, for appellee.

Before MALONE, P.J., BUSER and STANDRIDGE, JJ.

MALONE, J.: The City of Junction City, Kansas (City), appeals the district court's judgment dismissing a parking citation against Mary A. Somrak. The City argues that the district court lacked jurisdiction to hear Somrak's appeal from municipal court because Somrak did not serve the city attorney with her notice of the appeal within 10 days after her conviction in municipal court. We have jurisdiction to hear the City's appeal under K.S.A. 22-3602(b)(3) on a question reserved by the prosecution.

On March 1, 2010, Somrak received a citation for illegal parking within the City. Somrak challenged the citation in municipal court,

and on April 28, 2010, Somrak was convicted in municipal court for the parking violation. On May 10, 2010, Somrak filed a hand-written notice of appeal and appearance bond in district court, but she did not serve a copy of the original notice of appeal on the city attorney. On June 28, 2010, Somrak filed an amended notice of appeal which was served on the city attorney.

On July 2, 2010, the City filed a motion to dismiss the appeal, arguing that under K.S.A. 22-3609, the statute governing appeals from municipal court to district court, Somrak was required to serve the notice of appeal on the city attorney within 10 days after her conviction in municipal court and that her failure to do so deprived the district court of jurisdiction to hear the appeal. Somrak filed a response to the motion, arguing that she was told by a deputy clerk of the district court that the deputy clerk would serve the notice of appeal on the city attorney through an interagency mailbox and that Somrak was not required to mail a copy of the notice of appeal to the city attorney.

The district court held a hearing on the motion to dismiss on July 16, 2010. At the hearing, Donna Mills, a deputy clerk of the district court, testified for the City. Mills testified that she received and filed Somrak's notice of appeal, filled out the paperwork for an appearance bond, and mailed a copy of the appearance bond to the city attorney pursuant to the policy of the clerk's office. She stated that she did not mail a copy of the notice of appeal to the city attorney and denied that she told Somrak that she would do so. She further denied that the city attorney has a mailbox at the district court. Somrak testified on her own behalf. She stated that she had asked Mills if she needed to take a copy of the notice of appeal to the city attorney and Mills told her the clerk's office would deliver a copy. Somrak confirmed that she never mailed or personally delivered a copy of the original notice of appeal to the city attorney within 10 days after her conviction in municipal court, but she stated that she personally delivered a copy of the amended notice of appeal to the city attorney.

After hearing the evidence, the district court found that although Somrak was required to properly serve the notice of appeal on the city attorney, nothing under K.S.A. 22-3609 required Somrak to

serve the notice of appeal on the city attorney within 10 days after her conviction in municipal court. The district court noted that the city attorney was eventually served with the amended notice of appeal and the City had notice of the proceeding. Therefore, the district court denied the City's motion to dismiss the appeal. The City reserved the jurisdiction issue for appeal.

After hearing further arguments from counsel about the validity of the parking citation, the district court found that Somrak was not parked in a business district within the meaning of the municipal code and the City had no authority to regulate parking in the area where Somrak received the citation. Thus, the district court dismissed the parking citation. The City timely appealed the district court's judgment.

On appeal, the City does not challenge the district court's decision to dismiss the parking citation. The only claim the City makes on appeal is that the district court lacked jurisdiction to hear Somrak's appeal from municipal court because Somrak did not serve the city attorney with her notice of appeal within 10 days after her conviction in municipal court. The City notes that under K.S.A. 22-3609(3), the defendant shall cause the notice of appeal from municipal court to be served upon the city attorney prosecuting the case. The City contends that if there is no deadline by which the notice of appeal must be served on the city attorney, the service requirement would be rendered meaningless. The City's argument presents an issue of first impression in Kansas.

Resolution of this appeal requires this court to interpret K.S.A. 22-3609. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010). Moreover, whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *State v. Ellmaker*, 289 Kan. 1132, 1147, 221 P.3d 1105 (2009), *cert. denied* 130 S. Ct. 3410 (2010).

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Kansas courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. See *Ellmaker*, 289 Kan. at 1148.

An appeal from a municipal court to the district court is governed by K.S.A. 22-3609, which provides in relevant part:

"(1) The defendant shall have the right to appeal to the district court of the county from any judgment of a municipal court which adjudges the defendant guilty of a violation of the ordinances of any municipality of Kansas or any findings of contempt. The appeal shall be assigned by the chief judge to a district judge. The appeal shall stay all further proceedings upon the judgment appealed from.

"(2) An appeal to the district court shall be taken by filing, in the district court of the county in which the municipal court is located, a notice of appeal and any appearance bond required by the municipal court. Municipal court clerks are hereby authorized to accept notices of appeal and appearance bonds under this subsection and shall forward such notices and bonds to the district court. No appeal shall be taken more than 10 days after the date of the judgment appealed from.

"(3) The notice of appeal shall designate the judgment or part of the judgment appealed from. *The defendant shall cause notice of the appeal to be served upon the city attorney prosecuting the case.* The judge whose judgment is appealed from or the clerk of the court, if there is one, shall certify the complaint and warrant to the district court of the county, but failure to do so shall not affect the validity of the appeal." (Emphasis added.)

We note that effective July 1, 2010, K.S.A. 22-3609(2) was amended to provide that no appeal shall be taken more than 14 days, rather than 10 days, after the date of the judgment appealed from. L. 2010, ch. 135, sec. 29, codified at K.S.A. 2010 Supp. 22-3609(2). However, this amendment does not affect the issue raised on appeal by the City concerning the defendant's obligation to serve the notice of appeal from municipal court upon the city attorney prosecuting the case.

The City argues that a defendant must serve the notice of appeal on the city attorney, as required under subsection (3) of the statute, within the time limit for filing an appeal as set forth in subsection (2). The City contends that if there is no deadline by which the notice of appeal must be served on the city attorney, the service requirement under subsection (3) would be rendered meaningless. Accordingly, the City argues that Somrak's failure to serve her notice of appeal on the city attorney within 10 days after her conviction in municipal court constituted a jurisdictional defect which precluded the district court from hearing the appeal.

Somrak argues that under the plain language of the statute, there is no time limit within which the notice of appeal must be served on the city attorney. She refutes the City's assertion that the service requirement would be rendered meaningless in the absence of a deadline, noting that under K.S.A. 22-3610 appeals to the district court are tried de novo and a city attorney will necessarily have notice of the appeal before the case is prosecuted in district court. Finally, Somrak argues that because the failure to serve a notice of appeal on all parties is not a jurisdictional defect under K.S.A. 60-2103(b), the statute that governs notices of appeal in civil cases, the failure to serve a notice of appeal from municipal court within 10 days after the date of judgment should not be a jurisdictional defect.

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *Arnett*, 290 Kan. at 47. An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Urban*, 291 Kan. 214, 216, 239 P.3d 837 (2010). When a statute is plain and unambiguous, an appellate court does not speculate as to the legislative intent behind it and will not read into the statute something not readily found in it. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the legislature's intent. *Urban*, 291 Kan. at 216.

Prior to July 1, 1970, appeals to a district court from municipal courts were taken by filing a bond of recognizance; there was no requirement that a written notice of appeal be filed or that the defendant serve the recognizance bond or otherwise give notice of the appeal to anyone. See, *e.g.*, G.S. 1949, 63-401; *City of Overland Park v. Nikias*, 209 Kan. 643, 645, 498 P.2d 56 (1972). After K.S.A. 1970 Supp. 22-3609 was enacted, appeals from municipal court were taken by filing a notice of appeal with the court that rendered the judgment, but again the statute contained no express requirement that the defendant serve the notice of appeal on anyone. The new statute required that "[n]o appeal shall be taken more than

ten (10) days after the date of the judgment appealed from." K.S.A. 1970 Supp. 22-3609(2). The statute further provided that the judge whose judgment is appealed from, or the clerk of such court, "shall certify the complaint, warrant and any appearance bond to the district court of the county on or before the next court day of such district court occurring more than ten (10) days after the appeal." K.S.A. 1970 Supp. 22-3609(3).

In *City of Garnett v. Zwiener*, 229 Kan. 507, 625 P.2d 491 (1981), the district court dismissed the defendants' appeals from the municipal court because, although the defendants had properly filed their notices of appeal with the municipal court within 10 days after the judgments appealed from, the municipal court failed to make the required certifications of the complaint, warrant, and appearance bond within the time limit set forth in the statute. On appeal, the Supreme Court determined that the statutory provisions directing that the complaint, warrant, and any appearance bond be certified to the district court within a stated time is directory rather than mandatory. 229 Kan. at 510. The Supreme Court reversed the district court's order of dismissal and held that once a proper notice of appeal had been filed, the failure of the judge or clerk to certify the complaint, warrant, and appearance bond to the district court did not defeat a review proceeding by the district court. 229 Kan. at 510.

In 1982, the legislature made several substantive amendments to K.S.A. 22-3609. See L. 1982, ch. 149, sec. 1. Under the amended statute, an appeal from municipal court shall be taken by filing a notice of appeal and any required appearance bond in the district court of the county in which the municipal court is located. K.S.A. 1982 Supp. 22-3609(2). Furthermore, the amended statute added the language at issue in this appeal that "[t]he defendant shall cause notice of the appeal to be served upon the city attorney prosecuting the case." K.S.A. 1982 Supp. 22-3609(3).

Since 1982, no reported case has construed the statutory provision that in an appeal from a municipal court, the defendant shall cause notice of the appeal to be served upon the city attorney prosecuting the case. Here, the facts are undisputed that Somrak filed her original handwritten notice of appeal with the district

court and filled out the paperwork for an appearance bond on May 10, 2010, within 10 days of the date of her conviction in municipal court. Somrak acknowledged that she never mailed or personally delivered the original notice of appeal to the city attorney because she believed that the clerk of the district court was going to do so. However, Somrak filed an amended notice of appeal on June 28, 2010, and she confirmed that she personally delivered a copy of the amended notice of appeal to the city attorney. The City argues that because Somrak did not serve the city attorney with her notice of appeal until more than 10 days after her conviction in municipal court, the district court lacked jurisdiction to hear the appeal.

Somrak cites K.S.A. 60-2103(b), the statute that governs notices of appeal in civil cases, which specifically provides that a party's failure to cause the notice of appeal to be served upon all other parties "does not affect the validity of the appeal." This court has explicitly recognized that its jurisdiction over a civil appeal is not affected by the appealing party's failure to serve the notice of appeal on all parties, although such failure may still have due process implications. See *In re Estate of Kempkes*, 4 Kan. App. 2d 154, 159-60, 603 P.2d 642 (1979). However, we agree with the City that K.S.A. 60-2103(b) has no application here. This statute governs notices of appeal in civil cases and is not applicable to Somrak's case to the extent that it is inconsistent with the plain language of K.S.A. 22-3609(3), which requires the defendant to serve the notice of appeal on the city attorney. Thus, Somrak's reliance on K.S.A. 60-2103(b) is unpersuasive.

More compelling is Somrak's argument that under the plain language of the statute, the 10-day deadline applies only to the procedural steps a defendant is required to take under subsection (2) of K.S.A. 22-3609—the filing of the notice of appeal and any required appearance bond—and not the service requirement under subsection (3). K.S.A. 22-3609(2) provides that no appeal from municipal court "shall be taken" more than 10 days (now 14 days) after the date of the judgment appealed from. The same subsection provides that an appeal to the district court "shall be taken" by filing in the district court a notice of appeal and any appearance bond required by the municipal court. Caselaw is clear that in order

to appeal a judgment from municipal court, the defendant must file both a notice of appeal and any required appearance bond within 10 days of the date of the judgment in municipal court. See *City of Overland Park v. Pavelcik*, 248 Kan. 444, Syl. ¶ 1, 806 P.2d 969 (1991); *City of Lenexa v. Higgins*, 16 Kan. App. 2d 499, 500-03, 825 P.2d 1152, *rev. denied* 250 Kan. 804 (1992).

But K.S.A. 22-3609(2) states nothing about the defendant serving the notice of appeal on the city attorney prosecuting the case. This requirement is set forth in subsection (3) of the statute, but K.S.A. 22-3609(3) contains no time limitation for the defendant to serve the notice of appeal on the city attorney prosecuting the case. The City's argument that the defendant must serve the notice of appeal on the city prosecutor within 10 days after the conviction in municipal court would require this court to judicially impose a deadline for service of the notice of appeal when no such deadline is expressed in the statute. Had the Kansas Legislature intended to require the defendant to serve the notice of appeal on the city prosecutor within 10 days of the date of conviction in municipal court in order for the district court to have jurisdiction over the appeal, the legislature could have easily written the statute to provide for such a deadline.

We disagree with the City's assertion that the service requirement would be rendered meaningless in the absence of a deadline. As Somrak notes, under K.S.A. 22-3610 appeals to the district court are tried de novo and a city attorney will necessarily have notice of the appeal before the case is prosecuted in district court. We hold that in an appeal from a municipal court under K.S.A. 22-3609, the defendant's failure to serve the notice of appeal on the city attorney prosecuting the case within 10 days after the date of the judgment appealed from does not deprive the district court of jurisdiction to hear the appeal. Here, Somrak eventually served the amended notice of appeal on the city prosecutor as required by K.S.A. 22-3609(3). The City makes no argument that its due process rights were violated or that it was somehow prejudiced from prosecuting the appeal in district court as a result of the delay in receiving the amended notice of appeal. Therefore, we conclude

the district court did not err by denying the City's motion to dismiss the appeal for lack of jurisdiction.

Appeal denied.